## CITY OF DURANT et al. v. CONSUMERS' LIGHT & POWER CO.

No. 9952—Opinion Filed Dec. 31, 1918.

(177 Pac. 361.)

(Syllabus.)

**1. Electricity—Rates—Current—Increase by Corporation Commission—Evidence.**

The evidence in this case examined, and held, the findings of fact and order made by the Corporation Commission are reasonably supported by the evidence.

**2. Same—Jurisdiction of Commission—Statute.**

By chapter 93 of S. L. 1913, jurisdiction is conferred upon the Corporation Commission over public utilities, including light and power plants, to establish rates and prescribe rules and regulations affecting their service and operation.

**3. Same—Order of Commission — Jurisdiction.**

Where a city enters into a contract with a light and power company, by the terms of which the city sells its municipal light plant to the company and as part of the consideration the company agrees to furnish electric current to the inhabitants of the city at rates mentioned in the contract for a fixed period, the Corporation Commission, under chapter 93, S. L. 1913, has jurisdiction to make an order authorizing a change in the schedule of rates.

Appeal from an Order of the Corporation Commission.

The City of Durant and the Town of Bokchito and others appeal from an order of the Corporation Commission granting an application of the Consumers' Light & Power Company for an increase in the rates to be charged for electric current. Order of Corporation Commission affirmed.

Hatchett & Ferguson and Hayes & McIntosh, for plaintiffs in error.

Utterback & MacDonald, George A. Henshaw, and A. Carey Hough (H. L. Hanley, counsel), for defendant in error.

OWEN, J. This is an appeal from an order of the Corporation Commission fixing the rates to be charged for electric current furnished to the inhabitants of the city of Durant and the town of Bokchito. An increase in the rates was authorized by the commission on application of the light company. The city and town appeal.

Two propositions are urged: First, that the testimony was insufficient to justify the order increasing the rates; and, second, that the commission was without authority to increase the rates in view of the contract between the city and the assignor of the light company, by the terms of which the city sold its municipal lighting plant and agreed not to engage in furnishing light to the inhabitants of the city for a period of seven years, in consideration of the invoice value of said plant, and an agreement on the part of the light company to furnish electric current to the inhabitants of the city at a rate mentioned in the contract for said period.

The light company submitted evidence as to the cost of operation and all receipts during the year 1917, and from this evidence it appears that during the first half of the year the company operated at a profit, but during the last six months at such a loss as to show a net loss for the year. It appears there was a radical increase in operating expenses during the last six months of this period, due, in a large part, to the increased cost of fuel. Counsel urge this increase was due to the unusual and unprecedented conditions prevailing during the last half of 1917, and that this unusual condition does not furnish a sufficient basis for the increase of rates. The increased cost of operation was not due solely to the increase in the price of fuel. It appears there was an increase in the cost of labor and material used in the necessary repair and up-keep of the property. It also appears from the order that the increase in rates was understood to be tentative only, and will be adjusted by the commission as soon as there may be a change in conditions which enter into the cost of operation that may warrant a change in the rates. We think the evidence reasonably supports the findings of the commission and justifies the increase in rates.

Assuming that the city was authorized to sell the light plant and enter into the contract relied upon, this would not serve to oust the Corporation Commission of jurisdiction, or in any way limit its power to decrease or increase the rates as fixed in the contract. Section 2, c. 93, Sess. Laws 1913, which went into effect prior to the execution of this contract, gives the Corporation Commission general supervision over public utilities, including light and power plants with power to establish rates.

In the case of City of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okla. 214, 166 Pac.

1058, it was held this power was inherent in the state, and the effect of this act of the Legislature was to repose the power in the Corporation Commission. The conclusion in that case is controlling in this instance.

The order of the Corporation Commission is affirmed.

All the Justices concur.