## HUFFAKER v. TOWN OF FAIRFAX.

No. 15816—Opinion Filed Nov. 24, 1925.

**1. Estoppel—Contract—Retention of Benefits.**

For the purpose of defeating liability a party will not be heard to say that he never made a contract, and, inconsistent with such assertion, retain the benefits flowing from the alleged transaction.

**2. Electricity—Grant of Municipal Franchise not Revenue Legislation.**

An ordinance granting a franchise giving the grantee thereof a right to construct, maintain, and operate for a specified term of years an electric light plant for the distribution and sale of electric current to the inhabitants of the municipality, which provides that the holder of the franchise shall pay to the municipality 1½ per cent. of the entire gross receipts of the plant when the same exceeded $5,000 per year, is not an attempt to enact revenue legislation within the meaning of article 5, sec. 59, and article 10, sec. 14, of the Constitution.

**3. Same—Validity of Contract Rates Until Regulation by Corporation Commission.**

The fact that an electric light plant is a public utility and under the supervision of the Corporation Commission will not render a contract made by a municipality granting the right to install a plant and sell electric current to the municipality and its inhabitants invalid where the Corporation Commission has not exercised its paramount power to fix the rates to be charged by such public utility.

( Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the Town of Fairfax, a municipal corporation, by its president and board of trustees, against C. I. Huffaker. From a judgment in favor of plaintiff, defendant brings error. Affirmed.

Grinstead, Scott, Hamilton & Gross, for plaintiff in error.

Johnson & Johnson, for defendant in error.

Opinion by PINKHAM, C. The town of Fairfax, a municipal corporation, by its president and board of trustees, was plaintiff in the lower court and C. I. Huffaker was defendant in that court. The parties will be referred to as they appeared in the trial court.

Plaintiff's petition alleged that it is a municipal corporation; that the defendant is the owner and proprietor of the Fairfax Electric Light, Heat & Power Plant located and operated in the town of Fairfax; that the defendant maintains and operates its light plant and sells and distributes electric light, heat, and power for commercial purposes in the said town under and by virtue of a certain franchise to him voted and granted by the people of said town; that by the terms and provisions of the ordinance and franchise, it was provided that whenever the gross receipts from sale of electric current should be $5,000 or more per year the defendant should pay to the said town as a revenue tax a sum equal to 1½ per cent. of the entire gross receipts of said electric plant; that the receipts of the said plant for the fiscal years ending June 30, 1921, June 30, 1922, and June 30, 1923, exceeded the sum of $5,000 per year, and that on account thereof, the defendant was and is justly indebted to the said town for revenue tax in the sum of 1½ per cent. of the gross receipts for each of said years, less the credits set forth in plaintiff's exhibits. The prayer of the petition is for judgment in the sum of $970.05, with interest.

To this petition was attached as Exhibit "A" a copy of ordinance No. 46, being the franchise ordinance. As Exhibit "B", an itemized verified statement of the account showing the amount claimed to be due as revenue tax for each of the three fiscal years mentioned in the petition. As Exhibit "C", a record of the meeting of the trustees of the town of Fairfax on October 11, 1915, showing the passing and approving of a resolution directing the president to issue a proclamation calling an election to be held to submit to the qualified electors of said town for their approval or rejection the proposed franchise, which resolution contains, among other things, the ballot title to be submitted to the voters of the town. To the petition of the plaintiff the defendant filed a general demurrer, and also a demurrer on

the ground that the plaintiff had no legal capacity to maintain the action, and that the court had no jurisdiction of the subject-matter. On the 7th day of April, 1924, the demurrers were heard by the trial court, and were by the court overruled, to which action of the court the defendant excepted. The defendant announced in open court that he would stand upon his demurrers, and declined to plead further. The court proceeded to render judgment in favor of the plaintiff and against the defendant, according to the prayer of plaintiff's petition, to which action of the court the defendant excepted and has filed in this court his petition in error with certified copy of the transcript attached thereto. For reversal of the judgment, defendant contends that the court committed error as follows: "First, that the trial court erred in overruling the demurrers of this plaintiff in error to the petition of the defendant in error; second, that the trial court erred in rendering judgment against plaintiff in error and in favor of the defendant in error."

The first proposition presented and discussed by counsel for defendant in their brief is that "The provision for the charging and collecting of 1½ per cent. as revenue tax was not a part of the franchise ordinance as passed."

Exhibit "C" attached to plaintiff's petition discloses that on April 11, 1915, the defendant submitted to the board of trustees his proposition in writing to install an electric light plant in the town of Fairfax upon the condition that the board of trustees would pass and publish his proposed franchise, submitting same to the voters of the town. The defendant's written proposal directed to the board of trustees contains the following clauses:

"I desire to submit to you the proposition of installing an electric light plant in your city and will say that if you will submit to the voters the franchise, a copy of which I submit for your consideration, I will build a first-class light plant. * * * I am submitting to you herewith a resolution authorizing the president to submit the franchise to the voters. * * * If you conclude to submit the proposition to the voters, it will be necessary to spread of record the resolution and publish the proclamation calling the election."

The board of trustees accepted the defendant's proposition, passed the resolution, published the election proclamation, including in full section 10 of the ordinance and franchise providing for the payment to said town of 1½ per cent. of the entire gross receipts of said plant when same exceeded $5,000 per year, and the people of the town by their vote, favoring said proposition, authorized the board of trustees to pass and enact the ordinance granting said franchise. It is argued by counsel for defendant in their brief that this section 10 did not legally become a part of the franchise ordinance for the reason: First, that the title of the ordinance is not broad enough to cover the collection of a revenue tax. Defendant's theory is based upon the proposition that while that portion of the ordinance which granted a franchise was a valid portion, the portion with reference to revenue tax is void.

We think the theory of the defendant — that the provision of the ordinance whereby the defendant is obligated to pay, as a revenue tax, a sum equal to 1½ per cent. of the entire gross receipts when such receipts exceed $5,000 per year, makes the same a revenue ordinance—is untenable. The fact that the payment of 1½ per cent. to the town would not become operative until the gross receipts exceeded $5,000 shows very clearly that the ordinance did not constitute a revenue measure for the reason that if the gross receipts failed to realize a certain sum of money annually, nothing was to be paid to the plaintiff. The ordinance in question was simply a franchise ordinance, and the provision with reference to the payment to the town of a certain percentage of the gross receipts above a specified amount was a mere incident to the subject-matter of the ordinance. The defendant desired and obtained a franchise to operate a light plant and was not endeavoring to get a revenue ordinance enacted by the town of Fairfax. Neither was the board of trustees attempting to enact revenue legislation.

The title to the ordinance in question is as follows: "An ordinance granting a franchise to C. I. Huffaker for a period of 25 years to build, extend, maintain and operate an electric light, heat and power plant in the town of Fairfax, Osage county, Okla."

It is further contended that an inspection of the ballot title shows that the question of levying, charging, and collecting a revenue tax was not submitted to the voters.

Defendant cites in support of this contention the recent case of City National Bank of Ft. Smith, Ark., v. Incorporated Town of Kiowa, 104 Okla. 161, 230 Pac. 894, as follows:

"Where the voters of a municipality are asked to give their assent to the conveyance of a municipally owned water and light

plant, and to grant a franchise to the purchaser under the referendum provision of section 5 (a) and 5 (b), art. 18, Const., the extent of the authority thus granted to the municipal officers is limited by the terms of the proposal and of the franchise ordinance so submitted at the election held for that purpose."

Defendant contends that the electors could not approve the tax provision for the reason it was not included in the ballot title. The case cited is not an authority in support of the contention made, but rather, we think, is an authority favorable to the position taken by the plaintiff.

The record discloses that the entire proclamation had been duly published and was made a part of the ordinance, and that the voters were fully aware of what it provided with reference to the 1½ per cent. to be paid to the town when the receipts exceeded $5,000 per year.

The people of the town of Fairfax and the board of trustees granted the defendant a 25-year franchise upon his own terms, and he is not in a position to deny the validity or sufficiency of the ordinance and proceedings awarding him the franchise in question.

"For the purpose of defeating liability, a party will not be heard to say he never made a contract, and, inconsistent with such assertion, retain the benefits flowing from the alleged transaction." Massachusetts Bonding & Ins. Co. v. Vance, 74 Okla. 261, 180 Pac. 693.

It is next contended that the attempt to collect a revenue tax is a special ordinance in violation of article 5, sec. 59, and article 10, sec. 14, of the Constitution of Oklahoma, which provide that "Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable no special law shall be enacted" (article 5, sec. 59), and "Taxes shall be levied and collected by general laws and for public purposes only. * * *" (art. 10, sec. 14).

The argument is that the ordinance herein does not pretend to levy this kind of a tax upon any other person, firm or corporation in the town of Fairfax, but to levy the same especially upon the property of the defendant, and that the attempt to do so, it is contended, is in direct violation of the two articles of the state Constitution heretofore quoted. These provisions of the Constitution have, in our judgment, no conceivable application to the admitted facts disclosed by the record in the instant case.

As already indicated, we do not consider the ordinance in question a tax ordinance, and the procedure for the collection of taxes has no application, we think, in the instant case. The ordinance here is simply a franchise ordinance whereby the applicant for the franchise proposed, if granted the franchise, that he would pay to the town of Fairfax 1½ per cent. of the gross receipts of his plant in the event his receipts exceeded $5,000 per year. The record shows that he has rendered his statement showing his receipts exceeded that sum and that he refuses to pay according to the agreement, thereby breaching the contract in question. The action is clearly one upon a contract, and, in our view, instituted in the proper court.

It is also urged that the provisions of the ordinance are illegal, and therefore the court can grant no relief. It is argued under this proposition that the franchise ordinance setting the rate at which electric current should be furnished to the citizens of the town of Fairfax, itself, was illegal for the reason that by sections 3462 to 3479, C. S. 1921, enacted by the Legislature of 1913, exclusive jurisdiction in these matters was given to the Corporation Commission, and the conclusion is drawn that it was therefore an illegal attempt upon the part of the board of trustees of the town of Fairfax to set and fix rates, and that the contract or franchise in that respect is illegal because entered into in contravention of the direct law of the Legislature of 1913.

We are unable to place the construction contended for upon the statutes cited. By virtue of these statutes jurisdiction of making and determining the rates is conferred upon the Corporation Commission, to be used and exercised in such manner and at such time as the Corporation Commission undertakes to act in the matter, or the exercise of its jurisdiction is invoked by one of the parties. So far as the record discloses. neither party to this action has invoked the jurisdiction of the Corporation Commission to fix rates. City of Bartlesville v. Corporation Commission, 82 Okla. 160, 191 Pac. 396; City of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okla. 214, 166 Pac. 1058. The Corporation Commission has made no order in the instant case, and until the Commission acts with respect to rates, the contract involved herein is in full force.

The argument that the district court was without jurisdiction for the reason that the business of the defendant, as shown by the petition of plaintiff, is the maintaining and operating of a light, heat, and power plant, and the manufacturing, selling, and

distributing of electric light, heat, and power for commercial purposes in the town of Fairfax, because jurisdiction over public utilities is vested exclusively in the Corporation Commission, is not, we think, tenable.

The case of City of Durant v. Consumers' Light & Power Co., 71 Okla. 282, 177 Pac. 361, is cited by counsel for defendant in their brief in support of this proposition. The case cited did not hold that such a contract was illegal and void, but on the contrary assumed that the city was authorized to enter into the contract relied upon and simply held that the making of such contracts did not serve to oust the jurisdiction of the Corporation Commission, or in any way limit its powers to decrease or increase the rates as fixed by the contract.

The question of the jurisdiction of the Corporation Commission over public utilities with power to fix and establish rates and to prescribe rules, requirements, and regulations affecting their services, operation, and the management and conducting of their business, is not involved in this case. The only question here to be determined is whether the municipality can recover the sum sued for under the contract freely and voluntarily entered into by the parties. There is no controversy presented by this record between the Corporation Commission and the municipality. The controversy is between the town of Fairfax and the defendant as to whether the defendant, who, upon his own initiative, obtained from the plaintiff the right to erect a plant and sell electric current to the consumers and furnish the town of Fairfax with street lights at specified prices, and who has operated his plant for a number of years and received the benefits of his contract, can successfully defeat the action to require him to pay to the town a sum equal to 1½ per cent. of the entire gross receipts in the event such receipts exceed $5,000 per year. as agreed to in the contract in question.

We think the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 21 C. J. 1209, §211; anno. L. R. A. 1915A, 1002; 10 R. C. L. p. 694; 2 R. C. L. Supp. p. 1043; 4 R. C. L. Supp. p. 673; 5 R. C. L. Supp. p. 564. (2) 20 C. J. p. 308, §7 (Anno); anno. 33 L. R. A. (N. S.) 759; 43 L. R. A. (N. S.) 994; 9 R. C. L. p. 1190; 2 R. C. L. Supp. p. 939; 4 R. C. L. Supp. p. 638. (3) 20 C. J. p. 336, §29 (Anno).