**STATE OF OKLAHOMA ex rel. WILLIAMS (CHRONIC, Intervener), v. OKLAHOMA NATURAL GAS CORPORATION et al.**

No. 1245.

·Circuit Court of Appeals, Tenth Circuit.

March 24, 1937.

Rehearing Denied May 1, 1937.

A. B. Honnold, of Tulsa, Okl. (Paul Avis, of Tulsa, Okl., on the brief), for appellant.

I. J. Underwood, of Tulsa, Okl. (O. L. Lupardus and Allen, Underwood & Canterbury, all of Tulsa, Okl., on the brief), for appellees.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

The relator brought this action against the Oklahoma Natural Gas Corporation, a Maryland Corporation, hereinafter called the Gas Corporation, City of Tulsa, a municipal corporation, and the Board of Education of the City of Tulsa, being Independent School District Number 22, a municipal corporation, hereinafter called the School District, in the District Court of Tulsa County, Oklahoma. Summons was issued on August 11, 1932 and served on the Gas Corporation on August 13, 1932. An alias summons was issued on September 1, 1932 and served on the Gas Corporation on September 7, 1932. The action was brought under the provisions of section 5965. Okl. Statutes 1931 (62 Okl.St.Ann. § 373).[1]

The cause was duly removed to the United States District Court for the Northern District of Oklahoma. See State of Oklahoma ex rel. Williams v. Oklahoma Natural Gas Corporation (C.C.A.10) 83 F.(2d) 986.

A demurrer to the petition on the ground of misjoinder of causes of action was sustained. On December 4, 1933, the Oklahoma Natural Gas Company, a Delaware Corporation, hereinafter called the Gas Company, was made a party defendant. On January 3, 1934, the relator filed a separate petition to recover, under the provisions of sections 6831 and 6832, O.S. 1931 (70 Okl.St.Ann. §§ 132, 133), double the amount of the excess over the alleged legal rate paid by the officers of the School District to the Gas Corporation for gas furnished for lighting and heating school buildings in the School District.

---

[1] A common informer statute.

In his first cause of action, relator alleged:

That the School District is a body corporate, organized and created under the laws of Oklahoma.[2]

That by Ordinance No. 149 of the City of Tulsa, Indian Territory, approved July 30, 1906, a natural gas franchise in the City of Tulsa, was granted to C. L. Reeder and others and their successors and assigns, for a term of twenty-five years and that section 11 of the franchise read as follows:

"For and in consideration of the privileges hereby granted by the City of Tulsa as aforesaid the said grantees, their successors or assigns while continuing in the enjoyment thereof, shall furnish, free of expense to the said City of Tulsa, gas in sufficient quantities for lighting and heating the building used by the said City as a City Hall, and all public school buildings used by said City and the inhabitants thereof for school purposes at four cents per thousand cubic feet, and said grantees agree to lay service lines to said City Hall and school buildings or either of them upon demand of either the School Board or City Council."

That the Gas Corporation succeeded to such franchise and from the 31st day of July, 1926, operated under such franchise; that the School District is the successor by operation of law and by assignment to the provisions of the franchise obligating the Gas Corporation to furnish gas for use in such school buildings at 4¢ per thousand cubic feet; that the Gas Company is the successor to the Gas Corporation and has assumed all the enforceable liabilities of the Gas Corporation.

That from July 31, 1926, the Gas Corporation was obligated to furnish gas to the School District for use in its school buildings at 4¢ per thousand cubic feet. That the Gas Corporation and its officers and employees conspired to defraud the School District by concealment and misrepresentation. That the Gas Corporation and its officers and employees concealed from the School District the fact that it was operating under such franchise and each month represented to the School District by false statements rendered for gas that the School District was obligated to pay for gas furnished in excess of the rate provided in section 11. That the School District was deceived by such representations and relied thereon in making payments for gas.

That the School District and its officers did not know of the provisions of section 11 or that the Gas Corporation was operating under such franchise at the time it made such excessive payments for gas, and did not learn thereof until shortly before the filing of the original petition herein.

That the amounts paid to the Gas Corporation from July 31, 1926 to October 6, 1931 for gas furnished for the period from July, 1926 to July, 1931, in excess of the price fixed by section 11, was $165,895.86.

That relator is a resident taxpayer of the City of Tulsa; that he, and more than ten other resident taxpayers of the School District, made written demands upon the officers of the School District to institute and diligently prosecute proper proceedings at law or in equity for the recovery of double the amount of such alleged excessive payments; that the Board of Education failed, neglected, and refused to comply with such demands; and that this action was commenced less than twelve months after such demands were made.

That the School District, the relator and the other taxpayers did not learn of such conspiracy and fraud until within one year immediately prior to the filing of the original petition herein.

2 In Indian Territory prior to the advent of statehood (November 16, 1907) schools within the territorial limits of Cities were under the jurisdiction, control and management of the city as a body politic and there was no separate school district or body politic. On the advent of statehood each city became a separate school district, a body corporate under the name of "Board of Education of the City of ——, of the State of Oklahoma," wholly distinct from the City as a body politic. Grennan v. Carson, 25 Okl. 730, 107 P. 925, 927, 928.

Section 6853, O.S.1931 (Sess.Laws 1913, c. 219, art. 6, § 1), 70 Okl.St.Ann. § 181 approved May 22, 1913, provides:

"Each city of the first class, * * * shall constitute an independent district and be governed by the provisions of this article."

Therefore, the present School District came into existence in 1913, and its predecessor on November 16, 1907.

In the second cause of action relator realleged the allegation of his first cause of action and further alleged:

That since the termination of such ordinance, the Gas Corporation has continued to operate in the City of Tulsa under an implied agreement to pay the consideration provided in section 11 of the franchise.

That from July 30, 1931, to December 31, 1932, the Gas Corporation collected from the School District for gas furnished the sum of $41,802.36 in excess of the price fixed in section 11.

He further alleged a like demand upon and refusal by the officers of the School District as in the first cause of action.

In an amendment to the separate petition relator alleged:

That the Corporation Commission of the State of Oklahoma by order directed the holder of such franchise to comply with the consideration provision thereof when operating thereunder; and that such order was in effect during the period from July, 1926 to December 31, 1932; and that the Corporation Commission has never set aside or modified the provisions of section 11.

The Gas Corporation and the Gas Company interposed a demurrer to the separate petition and the amendment thereto on the following grounds:

"(1) That this court has no jurisdiction of the subject of the action;

"(2) That plaintiff has no legal capacity to sue or maintain this action;

"(3) That said separate petition, together with the amendment thereto, does not state facts sufficient to constitute a cause or causes of action in favor of the plaintiff or against these defendants or either of them;

"(4) That said separate petition, together with the amendment thereto, shows upon its face that the alleged causes of action, if any, are barred by the statute of limitations in such cases made and provided."

The trial court sustained the demurrer on the first ground and overruled it on the second, third and fourth grounds. Relator elected not to further plead and the separate petition was dismissed. Relator has appealed.

Sections 6831 and 6832, O.S.1931 (chapter 219, art. 5, §§ 32 and 33, Sess.Laws 1913), 70 Okl.St.Ann. §§ 132, 133 read as follows:

"Every officer of any school district who shall hereafter order or direct the payment of any money or transfer of any property belonging to school district in settlement *of any claim known to such officers to be fraudulent or void,* or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any school district, *by any officer or officers thereof,* and every person having notice of the facts with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall hereafter be paid, or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the school district affected for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty to be recovered at the suit of the proper officers of such school district, or of any resident taxpayer thereof, as hereinafter provided." (Italics ours.)

"That upon the refusal, failure or neglect of the proper officers of any school district, after written demand made upon them by ten resident taxpayers of such school district, to institute or diligently prosecute the proper proceedings at law or in equity for the recovery of any money or property belonging to such school district, paid out or transferred by any officer thereof, in pursuance of any unauthorized, unlawful, fraudulent or void contract, made or attempted to be made by any of its officers for any such school district, or for the penalty provided in the section preceding, any resident taxpayer of such school district affected by such payment or transfer after serving the notice aforesaid, and after giving security for costs may, in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action at law or in equity which the proper officer of the school district might institute and maintain for the recovery of such property, or for said penalty and any such school district shall, in such event, be made defendant and one-half the amount of mon-

ey and one-half of the value of the property recovered in any action maintained at the expense of a resident taxpayer under this section shall be paid to such resident taxpayer as a reward."

■ The above quoted statutory provisions are penal in nature and must be strictly construed.[3]

Relator's case is bottomed on the theory that the gas was furnished pursuant to section 11 and that the Gas Corporation should have based its charges therefor on the rate therein provided. He expressly alleges that the School District and its officers, at the times such payments were made, had no knowledge of such franchise. The claims which were paid consisted of monthly statements furnished to the School District by the Gas Corporation. By the express allegations of the complaint, they were not claims "known to such officers to be fraudulent or void," and therefore were not within the void or fraudulent claim provision of section 6831, supra.

■ It was admitted at the oral argument that the charges were based on the general rates for gas in the City of Tulsa fixed by order of the Corporation Commission and the gas furnished the School District was billed and paid for in accordance with those rates. They were not paid in pursuance of "any unauthorized, unlawful or fraudulent contract" made by the School District or any officer thereof. They were paid pursuant to a valid administrative order having the force and effect of law. Neither the rate order nor the franchise provision were unauthorized, unlawful or fraudulent. It was only a question of which was applicable. Furthermore, there was no bad faith or misfeasance on the part of the officers of the School District and we think the statute is only intended to apply where the officers knowingly act without authority, unlawfully or fraudulently.

■ We conclude the facts pleaded do not bring the case within the statute when strictly construed.

■ As to the second cause of action which covers payments made after the franchise had expired, we think it clear no cause of action was stated. Under section 5 (a), article 18 of the Oklahoma Constitution (section 13702, O.S.1931) municipal corporations are prohibited from extending or renewing a franchise without the approval of the majority of the qualified electors residing within its corporate limits. Since the franchise was not so extended or renewed, section 11 ceased to be operative at the expiration of the franchise.

■ A contract rate fixed by agreement between a consumer and a public utility in Oklahoma is not invalid where the State Corporation Commission has not exercised its paramount power to fix the rates to be charged by such utility. The contract is binding on the parties only until such time as either of them invokes the jurisdiction of the Corporation Commission to fix a rate.[4]

■ The paramount power of the Corporation Commission to fix the rates exists even where the contract rate is agreed to as a consideration for the public utility's franchise. City of Durant v. Consumers' L. & P. Co., 71 Okl. 282, 177 P. 361.

■ Where the Corporation Commission has exercised its jurisdiction to make a general rate order, it may not exempt therefrom and leave in force a contract rate.

In American Indian Oil & Gas Co. v. George F. Collins Co., 157 Okl. 49, 9 P.(2d) 438, 442, the Court said:

"There is thereby presented the question of whether or not the corporation commission could provide a schedule of rates to be charged for gas in the city of Poteau and vicinity and at the same time, by express order, leave in existence and controlling a rate fixed by contract between the public utility and a consumer. Our answer thereto is that there is no such power in the corporation commission. The purpose of the legislation as stated in the decisions cited is to prevent such action and to require uniformity in rates to be charged by public utilities distributing and selling gas."

[3] Town of Bennington v. First National Bank of Bennington, 172 Okl. 164, 44 P.(2d) 872; State ex rel. Sweeney v. Oklahoma Natural Gas Corporation, 177 Okl. 62, 57 P.(2d) 626; State of Oklahoma ex rel. Jennings v. Ray (C.C.A. 10) 87 F.(2d) 181, decided December 24, 1936.

[4] American Indian Oil & Gas Co. v. George F. Collins & Co., 157 Okl. 49, 9 P.(2d) 438, 441; Huffaker v. Town of Fairfax, 115 Okl. 73, 242 P. 254, 256.

Section 3626, O.S.1931 (chapter 10, section 1, Sess.Laws 1913), 17 Okl.St.Ann. § 121 provides:

"The Corporation Commission is hereby vested with the power of a court of record to determine: First, the amount of refund due in all cases where any public service corporation, person, or firm, as defined by the Constitution, charges an amount for any service rendered by such public service corporation, person, or firm in excess of the lawful rate in force at the time such charge was made, *or may thereafter be declared to be the legal rate which should have been applied to the service rendered*; and, second, to whom the overcharge should be paid." (Italics ours.)

In passing on the validity of section 3626, the Supreme Court of Oklahoma in Pioneer Tel. & Tel. Co. v. State, 40 Okl. 417, 138 P. 1033, 1034, said:

"Section 1, art. 7 (section 186, Williams' Anno.Ed.), of the Constitution of this state, provides that: 'The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards inferior to the Supreme Court, as may be established by law.'

"The Corporation Commission, as created by article 9, is a body with, so far as the regulation of public service corporations is concerned, executive, judicial, and legislative powers.

"By virtue of said section 1, art. 7, and the provisions of article 9, the Corporation Commission has authority to exercise all of these powers with a view of carrying out the general purposes for which the Corporation Commission was created, to wit, to regulate public service corporations and provide against abuse, discrimination, and excessive charges and the refunds thereof. Anything that is in furtherance of that purpose is within the contemplated view of its creation and is not in violation of section 1, art. 4, of the Constitution."

The trial court was of the opinion that section 3626, supra, vested exclusive jurisdiction in the Corporation Commission to determine the amount, if any, which the Gas Corporation had charged the School District for gas furnished, in excess of the lawful rate or in excess of what the Corporation Commission should declare to be the legal rate.

While we have found no case directly in point the cases cited in the subjoined note tend to support the views of the trial court.[5]

The judgment is affirmed.

---

[5] In Smith v. Corporation Commission, 101 Okl. 254, 225 P. 708, 709, the Court said:

"It has jurisdiction to supervise, regulate, and control public utilities in so far as their public duties are concerned, and to establish rates to be charged by them for a public service, and, if rates in excess of those established are collected, it has the authority to adjust controversies between the utility and the consumer by determining the amount of refund due the consumer, and to whom the same should be paid, and it may enforce the payment of such overcharge in the same manner that fines and penalties imposed by it are authorized to be collected by law, and, when such overcharge is collected, it shall be by the Commission paid to the parties to whom it is due."

See, also, St. Louis-San Francisco Ry. Co. v. State, 81 Okl. 298, 198 P. 73, 76; Muskogee G. & E. Co. v. State, 86 Okl. 58, 206 P. 242.

It was held in Atchison, T. & S. F. Ry. Co. v. State, 85 Okl. 223, 206 P. 236, 241, that under section 3626 (17 Okl. St.Ann. § 121), supra, the Commission could fix the legal rate for past service and award a refund for the excess over such rate charged therefor.

In Chicago, R. I. & P. Ry. Co. v. Brown, 105 Okl. 133, 232 P. 43, it was held the Corporation Commission has exclusive jurisdiction to determine whether a rate charged for a service was reasonable and that a state district court is without jurisdiction to entertain an action to determine a reasonable charge for such service and to recover the amount charged in excess thereof.

In St. Louis & S. F. Ry. Co. v. State, 116 Okl. 95, 244 P. 440, in a refund case it was held the Corporation Commission had jurisdiction to determine which of two rates was applicable.