## AMERICAN INDIAN OIL & GAS CO. v. GEO. F. COLLINS & CO.

No. 19853. Opinion Filed Jan. 19, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied March 29, 1932.

Application to File Second Petition for Rehearing Denied April 26, 1932.

T. T. Varner, A. Carey Hough, and Geo. A. Henshaw, for plaintiff in error.

Humphrey & Campbell, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of LeFlore county in favor of the defendant in error, the defendant in that court, against the plaintiff in error, the plaintiff in that court. Hereinafter the parties will be referred to as plaintiff and defendant.

The plaintiff was engaged in the distribution and sale of natural gas for commercial purposes in the city of Poteau. The defendant operated a glass plant in that city. The plaintiff instituted an action against the defendant to recover a money judgment for an amount alleged to be due for gas furnished by the plaintiff to and used by the defendant during the months of January and February, 1927, in the amount of $2,112.20. The answer consisted of a general denial, an admission of the corporate capacity of the parties and an admission that the defendant purchased gas from the plaintiff during the months of January and February, 1927. It denied that the plaintiff charged the proper rate for the same and alleged that the plaintiff had overcharged it. It further alleged that it had paid the amount due to the plaintiff. The itemized statement of the account pleaded by the plaintiff was specifically denied. The defendant filed a cross-petition in which it alleged that on the 30th day of April, 1919, the plaintiff entered into a written contract with the Hutton-Bates Glass Company, a corporation, wherein the plaintiff agreed to sell gas to that corporation for a period of ten years at a price fixed in the contract; that the contract rights of the Hutton-Bates Glass Company were purchased by the defendant and the contract was assigned to it on or about the 20th day of September, 1922; that between July, 1924, and February 28, 1927, the plaintiff charged the defendant and the defendant paid to the plaintiff the sum of $16,786.36 in excess of the amount due. The defendant prayed for a judgment against the plaintiff in that amount. The plaintiff filed an answer to the cross-petition of the defendant which consisted of a general denial of all allegations inconsistent with the allegations of the plaintiff's petition, and in which it admitted the signing of the contract pleaded by the defendant and the assignment thereof to the defendant. It alleged that the rate specified in the contract had been superseded by rates authorized by the federal court and the Corporation Commission of Oklahoma. The defendant filed a reply to that answer which consisted of a general denial. A jury was waived and the cause was tried to the court. The court rendered judgment in favor of the defendant in the sum of $13,008.13 and the costs of the action. From that judgment the plaintiff appealed to this court.

It is herein contended by the plaintiff that:

"The contract relied upon herein by the defendant was void as a binding contract between the plaintiff and the defendant, and either party had a right to withdraw therefrom and apply to the Commission to establish a proper rate at any time.

"The plaintiff had a right to collect rates authorized by the federal court, subject, however, to the authority of the Commission, sitting as a court, to order refunds, if, upon final investigation, it is determined that the rates authorized were excessive"

—and:

"That the temporary order of the Commission establishing a general scale of rates authorized by the federal court pending the litigation were the legal rates the defendant could charge during the time."

Section 7, art. 18, of the Constitution provides as follows:

"Nor shall the power to regulate the

charges for public services be surrendered; and no exclusive franchise shall ever be granted."

In 1913 the Legislature passed an act known as chapter 93, Session Laws 1913, which placed the rate-fixing power of public utilities in the Corporation Commission. The act, in part, is as follows:

"Section 2. The Commission shall have general supervision over all public utilities, with power to fix and establish rates and to prescribe rules, requirements and regulations, affecting their services, operation, and the management and conduct of their business. * * *"

That chapter was brought forward as sections 3462 to 3479, inclusive, C. O. S. 1921. By the provisions of that act, the Corporation Commission is authorized to fix and establish rates to be charged by gas companies engaged in the distribution and sale of natural gas for commercial purposes, and the rate so fixed and established is binding upon the seller and the purchaser, notwithstanding the fact that they have theretofore contracted for a rate to be charged therefor. The contract in question was entered into on the 30th day of April, 1919, while the legislative enactment was in force and effect. In Southern Oil Corporation v. Yale Natural Gas Co., 89 Okla. 121, 214 P. 131, this court held:

"By chapter 93, Session Laws 1913, jurisdiction is conferred upon the Corporation Commission to fix and establish the rates to be charged by the public utilities therein enumerated, and this jurisdiction cannot be defeated by a public service corporation and a private consumer entering into a contract whereby the corporation agrees to furnish its commodity for a term of years at a stipulated rate.

"Where a public service corporation and a private consumer entered into a contract on January 4, 1916, by the terms of which the corporation agreed to sell and deliver to the consumer natural gas at a specified rate for a term of three years, such contract was invalid when made, neither of the parties were obligated to fulfill its terms, and the Corporation Commission had the power to fix and establish a different rate at any time.

"The Corporation Commission has only such jurisdiction and authority as is expressly or by necessary implication conferred upon it by the Constitution and the statute.

"The Corporation Commission is without jurisdiction or authority to approve a contract between a public service corporation and a private consumer, by which the rate to be charged for a public commodity is attempted to be fixed for a period of years, and the approval of such contract by the Corporation Commission would not have the effect of establishing the price agreed upon as a rate, and such approval would add nothing to the validity of the contract.

"A contract between a public service corporation and a private consumer attempting to fix the rate at which a public commodity shall be sold by the one to the other, for a period of years, being invalid when made, no vested rights could accrue thereunder, and a subsequent order of the Corporation Commission establishing a higher rate for such commodity did not impair the obligation of such contract.

"Rate-making being a legislative power, notice to parties affected by an order of the Corporation Commission fixing gas rates, upon the application of the public service corporation, need not be given unless specifically required by statute.

"By the provisions of section 20, art. 9, of the Constitution, no court of the state (except the Supreme Court on appeal) shall have jurisdiction to review, reverse, correct, or annul any action of the Corporation Commission within the scope of its authority."

Such a contract is binding upon the parties thereto only until such time as either of them invokes the jurisdiction of the Corporation Commission to fix a rate. It was so held in Huffaker v. Town of Fairfax, 115 Okla. 73, 242 P. 254, wherein this court held:

"The fact that an electric light plant is a public utility and under the supervision of the Corporation Commission will not render a contract made by a municipality granting the right to install a plant and sell electric current to the municipality and its inhabitants invalid, where the Corporation Commission has not exercised its paramount power to fix the rates to be charged by such public utility"

—and said:

"It is also urged that the provisions of the ordinance are illegal, and therefore the court can grant no relief. It is argued under this proposition that the franchise ordinance setting the rate at which electric current should be furnished to the citizens of the town of Fairfax, itself, was illegal for the reason that by sections 3462 to 3480, C. S. 1921, enacted by the Legislature of 1913, exclusive jurisdiction in these matters was given to the Corporation Commission, and the conclusion is drawn that it was therefore an illegal attempt upon the part of the board of trustees of the town of Fairfax to set and fix rates, and that the contract or franchise in that respect is illegal because entered into in contravention of the direct law of the Legislature of 1913.

"We are unable to place the construction contended for upon the statutes cited. By virtue of these statutes jurisdiction of mak-

ing and determining the rates is conferred upon the Corporation Commission, to be used and exercised in such manner and at such time as the Corporation Commission undertakes to act in the matter, or the exercise of its jurisdiction is invoked by one of the parties. So far as the record discloses, neither party to this action has invoked the jurisdiction of the Corporation Commission to fix rates. * * * The Corporation Commission has made no order in the instant case, and until the Commission acts with respect to rates, the contract involved herein is in full force."

In Shaffer Oil & Refining Co. v. Creek County Gas Co., 114 Okla. 258, 246 P. 630, there was a contract between the public utility and a consumer of gas. The consumer filed a complaint with the Corporation Commission alleging that the utility had furnished other consumers similarly situated at a much less rate, and prayed for a change of rates and for a refund of the excess payment. Upon the question of the validity of the contract, this court said:

"Appellant lays great stress upon its contention that the contract in the instant case was void. In this we only partly agree. It had sanction by reason of the regulatory authority of the state, as it was evidently interpreted by both the appellant and the respondent. Its purpose was to bring gas to the door of the consumers. This could not be violative of public policy. The contract referred to is only void in the sense that it cannot stand against impairment by order made by the Corporation Commission upon its authority being invoked to do so. In other words, the contract falls when the Corporation Commission sees fit to alter the rate or fix a different rate."

The contract in question was binding on the parties thereto and their assigns as to the rate to be charged and paid for gas only so long as they elected to abide thereby and no rate had been fixed by the Corporation Commission, and when the plaintiff elected to withdraw therefrom and asked the Corporation Commission to fix a rate to be charged, the contract ceased to be effective as to the rate to be charged. The plaintiff applied to the Corporation Commission to fix a rate, and on June 20, 1924, a rate was fixed by the Corporation Commission which was to become effective on July 1, 1924. The contract price for gas was paid up to the date of the issuance of that order. The plaintiff was not satisfied with the rate so fixed and, on its application, the federal court made an order fixing a different rate to become effective on August 1, 1924, upon the approval of a proper bond. The bond was not approved until September 1, 1924.

On the 23rd day of August, 1924, the Corporation Commission made an order establishing the rate fixed by the federal court and providing that it should become effective on August 1, 1924. The first order of the Corporation Commission (No. 2507) was effective and operated to fix the rates to be charged and paid for gas during the month of July, 1924, and up to the time that the rate fixed by the federal court became effective, which was upon the approval of the bond on September 1, 1924. After September 1, 1924, the rate fixed by the federal court was effective to the 28th day of February, 1927, at which time the last gas was furnished.

At the time the Corporation Commission fixed the rate by its order No. 2507, it included in the order a provision as follows:

"The schedule of rates for industrial consumption set forth in finding No. 5 hereof, is applicable in all instances except where the company has heretofore entered into contract with consumers for a different rate."

The defendant contends that by reason thereof neither the rate fixed by the Corporation Commission nor that fixed by the federal court in any way affected the rate fixed by the contract in question. There is thereby presented the question of whether or not the Corporation Commission could provide a schedule of rates to be charged for gas in the city of Poteau and vicinity and at the same time, by express order, leave in existence and controlling a rate fixed by contract between the public utility and a consumer. Our answer thereto is that there is no such power in the Corporation Commission. The purpose of the legislation as stated in the decision cited is to prevent such action and to require uniformity in rates to be charged by public utilities distributing and selling gas.

The defendant contends that it is not bound by the order issued by the federal court, because it was not a party to the proceedings in the federal court. There is no merit in that contention. Consumers are not necessary parties before the Corporation Commission in a rate hearing and they are not necessary parties in the federal court in an action to enjoin the Corporation Commission from enforcing a rate fixed by it. Neither the Constitution of the state of Oklahoma nor the legislative enactments require notice to be given a consumer. The Corporation Commission represents the consumer and its orders fixing rates are for the benefit of the consumer. In Smith v. Illinois

Bell Telephone Co., 270 U. S. 587, 46 Sup. Ct. 408, that court held:

"* * * The Commission represents the public, and especially the subscribers, and they are properly bound by the decree."

In Southern Oil Corporation v. Yale Natural Gas Co., supra, this court held:

"Rate-making being a legislative power, notice to parties affected by an order of the Corporation Commission fixing gas rates, upon the application of the public service corporation, need not be given unless specifically required by statute."

The defendant contends that there was no discrimination by order No. 2507, for the reason that the defendant was the only manufacturer of milk bottles in the vicinity of Poteau; that it had no competitors against whom there could be a discrimination and that it was the only consumer of gas in large quantities in that vicinity. There is no merit in that contention. The authority of the Corporation Commission to fix rates is not dependent upon whether or not a consumer has competitors or whether or not a consumer is the only consumer of gas in large quantities. The rate fixed by the Corporation Commission applies to all consumers.

The defendant contends that, although the Corporation Commission had the authority to establish a rate and thereby to supersede the contract rate, the defendant was entitled to the benefits of the contract rate until such time as the Corporation Commission annulled the contract rate. When the Corporation Commission fixed a rate to be charged consumers in the city of Poteau and vicinity, the legal effect thereof was to annul the contract rate in question. There is nothing in either Huffaker v. Town of Fairfax, supra, or Shaffer Oil & Refining Co. v. Creek County Gas Co., supra, to support the contentions of the defendant.

The trial court held that the rates authorized by the Corporation Commission were inoperative for the reason that an appeal was taken therefrom to the Supreme Court, and that the Corporation Commission thereby lost its jurisdiction. We do not think so. The rate fixed by the Corporation Commission was a temporary rate. In Oklahoma Gas & Electric Co. v. Corporation Commission, 83 Okla. 281, 201 P. 505, this court held:

"The rate-making power of the Corporation Commission is not limited to any particular theory or method and the Commission may, if it has the necessary facts before it, prescribe a temporary schedule of rates to be effective until the Commission has had time to make an investigation and a valuation of the property of the public utility. * * *

"The legislative power of the Corporation Commission over rates is not confined to prescribing permanent rates, but may be exercised as the exigencies of the times and changing conditions demand. * * *"

The Corporation Commission is without legal authority to invalidate a contract fixing a rate to be charged by public utilities to consumers for gas furnished, except by the fixing of a rate to be charged therefor, and when such a rate is fixed by the Corporation Commission, it becomes effective and the rate fixed by the contract becomes inoperative. The contract in question was effective and in operation as to the rate to be charged until the plaintiff applied to the Corporation Commission for a new and different schedule of rates, and when the Corporation Commission fixed a different schedule of rates, the rates so fixed became operative and the contract rate ceased to be effective.

It is not necessary for this court to determine the amount due under the different rates charged, since the parties hereto have agreed that, in the event that the plaintiff prevails, it should recover the amount set out in its petition, to wit, the sum of $2,112.20, with interest thereon at the rate of six per cent. per annum from the 10th day of March, 1927, until paid, and that the defendant recover nothing, subject to the right of the Corporation Commission to hereafter order a refund as authorized by the statute.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to enter judgment in favor of the plaintiff and against the defendant in the sum of $2,112.20, with interest at the rate of six per cent. per annum from March 10, 1927, together with the costs of this action, including this appeal.

RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent. LESTER, C. J., not participating.

Note.—See under (1) 6 R. C. L. 483, 484; R. C. L. Perm. Supp. p. 1731; R. C. L. Pocket Part, title Constitutional Law, § 483. (3) 12 R. C. L. 898; R. C. L. Perm. Supp. p. 3207; R. C. L. Pocket Part, title Gas, § 37.