CHICKASHA COTTON OIL COMPANY, a corporation, et al., Petitioners,

v.

The CORPORATION COMMISSION of the State of Oklahoma and the Public Service Company of Oklahoma, a corporation, Respondents,

v.

LINCOLN PROPERTY CO. et al., Intervenors.

No. 48956.

Supreme Court of Oklahoma.

March 8, 1977.

Terry Shipley, Noble, for petitioners.

Jack A. Swidensky, Gen. Counsel, Oklahoma Corporation Commission, Oklahoma City, Robert L. Lawrence, Tulsa, for respondents.

Harry M. Crowe, Jr., Crowe & Thieman, Charles E. Norman, Rizley, Prichard, Ford, Norman & Reed, E. H. Gubser, Larry B. Ferguson, Kenneth C. Ellison, Tulsa, for intervenors.

Robert A. Huffman, John L. Arrington, Jr., Thomas J. Kirby, Huffman, Arrington, Scheurich & Kihle, Tulsa, for Oklahoma Natural Gas Co., amicus curiae.

William L. Anderson, Oklahoma City, for Arkansas Louisiana Gas Co., Southern Union Gas Co., Arkansas, Oklahoma Gas Corp., Pact Gas Co., Velma Gas Co., Avant Gas Co., C.C.I. Gas Co., and Yale Gas Co., amici curiae.

H. Duane Stratton, Hugh D. Rice, Rainey, Wallace, Ross & Cooper, Oklahoma City, for Oklahoma Gas and Elec. Co., amicus curiae.

Frank M. Ogden, Ogden, Ogden & Board, Guymon, for Southwestern Public Service Co., amicus curiae.

Robert L. Hawkins, Jr., Hawkins, Brydon & Swearengen, Jefferson City, Mo., for The Empire District Elec. Co., amicus curiae.

Jay M. Galt, Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, for Oklahoma Ass'n of Elec. Cooperatives, Inc.

William L. Anderson, Oklahoma City, for Allied Tel. Co., Chickasaw Tel. Co., Continental Tel. Co. of Oklahoma, and Pine Tel. Co., amici curiae.

Lee B. Thompson, Thompson, Nance, Harbour & Selph, Oklahoma City, Hubert M. Preston, San Angelo, Tex., for General Tel. Co. of the Southwest, amicus curiae.

Robert D. Allen, Oklahoma City, for Southwestern Bell Tel. Co., amicus curiae.

BARNES, Justice.

This is a class action brought on behalf of Petitioners and all classes of persons receiving electrical service from The Public Service Company of Oklahoma (PSC) under special tariffs which were in effect prior to April 15, 1975, asking that PSC be prohibited from charging and that the Corporation Commission be prohibited from enforcing the new rates promulgated in Corporation Commission Order No. 112286, promulgated April 15, 1975, in Corporation Commission Cause No. 25346.

We are here confronted with the question of what notice, if any, must be given to customers of a public utility before its rates can be changed by the Corporation Commission. The Oklahoma Constitution, which gives rate-making authority to the Corporation Commission, provides for notice to the utilities (Article 9, § 18), but it does not provide for notice to a patron of the utility. This was recognized and explained in the case of *American Indian Oil & Gas Co. v. Geo. F. Collins & Co.,* 157 Okl. 49, 9 P.2d 438 (1932), where this Court stated:

"* * * There is no merit in that contention. Consumers are not necessary parties before the corporation commission in a rate hearing and they are not necessary parties in the federal court in an action to enjoin the corporation commission from enforcing a rate fixed by it. Neither the Constitution of the State of Oklahoma nor the legislative enactments require notice to be given a consumer. *The corporation commission represents the consumer and its orders fixing rates are for the benefit of the consumer.* In *Smith v. Illinois Bell Telephone Co.,* 270 U.S. 587, 46 S.Ct. 408, 410, 70 L.Ed. 747, that court held: '* * * the commis-

sion represents the public and especially the subscribers, and they are properly bound by the decree.'" (Emphasis added)

Petitioners do not question the Corporation Commission's authority to issue such an order, but allege that the notice given them was inadequate to afford them judicial due process. They contend that the due process clause of the Fourteenth Amendment to the United States Constitution requires that notice and hearing be afforded them, and that in the absence of such notice the Corporation Commission's order is void.

■ This Court has repeatedly held that the power to fix rates in Oklahoma is a legislative function. In *Wiley v. Oklahoma Natural Gas Company,* 429 P.2d 957 (Okl. 1967), it was asserted that certain rate increases were void because the Commission was influenced by contributions and favors received from a lobbyist of the gas company. We said:

"It is universally recognized that the fixing of rate schedules for public utilities is a legislative process, and that a public service regulatory body acts in a legislative capacity in approving rate schedules."

And further:

"It is argued that this Court may vacate the Commission's rate orders established in 1957 and 1963 and order refunds without fixing rates for Oklahoma Natural Gas Company. In *Consumers' Gas Co. v. Corporation Commission,* 95 Okl. 57, 219 P. 126, this Court held that a natural gas utility is entitled to earn a reasonable return on its investment and a reasonable amount for depreciation and amortization. To hold otherwise would authorize the taking of private property without just compensation, contrary to constitutional provisions. How it is possible for this court to strike down the 1957 and 1963 rate orders and thus re-establish rate structures existing prior to 1957 without taking into consideration the financial requirements of the Company during a ten year period of constantly changing state and national economy

without fixing rates has not been explained.

"It is patent that we could not determine the amount of the alleged 'overpayments' and order refunds without either legislating new rate schedules to replace the allegedly void ones, or legislatively placing in effect anew the rate schedules adopted by the Commission prior to 1957."

In *Southern Oil Corporation v. Yale Natural Gas Co.,* 89 Okl. 121, 214 P. 131 (1923), the contention was made that the plaintiff should have received notice of the Corporation Commission's hearing which resulted in its contractual rate for the purchase of natural gas being abrogated. There we held:

"The contention of plaintiff that it was entitled to notice of the proceedings in which the Corporation Commission established the rate for gas to be charged by the defendant at 15 cents per 1,000 cubic feet, thereby terminating its contractual rights, is likewise without merit. This rate was fixed upon the application of the defendant, and no notice to its consumers or patrons was required. Section 18, art. 9, of the Constitution, provides for notice of at least 10 days to be given by the commission to the company or companies to be affected by any rate, charge, classification, order, rule, regulation, or requirement. This clearly means that notice shall be given to the public service corporation who is to be affected by said rate, and does not mean that notice must be given to its patrons. Rate making being a legislative power, notice to parties affected by an order of the Corporation Commission, fixing gas rates upon the application of the public service corporation, need not be given, unless specifically required by statute. *City of Bartlesville v. Corporation Commission,* 82 Okl. 160, 199 P. 396."

■ We hold that the Corporation Commission was acting in a legislative capacity when it restructured the rates with which we are here concerned and was not required to give judicial due process notice and hearing to the Petitioners, unless specifically

required by statute. There is no present statutory provision requiring notice.

█ Petitioners finally contend that the Corporation Commission was bound by its own rules of practice [OCCRP Rules 12(e) and 8(d)(7)]. We find this contention of Petitioners to be without merit because the notice published in this case substantially complied with the Corporation Commission's suggested form of notice by publication, even to the point of stating that "after hearing the Commission, regardless of the relief requested in the Application, shall issue such Orders and grant such relief as it deems to be proper, necessary, fair, reasonable and equitable in the premises, whether or not specifically prayed for in the Application." This clearly advised all consumers that the Commission might adjust rates in any manner allowed by law. Petitioners do not contend that restructuring of classes is not an adjustment of rates.

Jurisdiction assumed; Application for Writ of Prohibition denied.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

HODGES, C. J., and SIMMS and DOOLIN, JJ., dissent.

HODGES, Chief Justice, dissenting:

The sole issue in this case is whether the "Notice" given was adequate and sufficient to apprise the petitioners that a restructuring of rates among the various classes of tariffs in existence was to be considered at the rate hearing before the Corporation Commission. A recitation of the following facts is necessary for a proper understanding of this issue.

On December 3, 1974, The Public Service Company of Oklahoma (PSC) filed an application seeking additional revenue by distribution of a 12.5% rate increase equally among its customers. The application did not mention a proposal to restructure rates. On December 9, 1974, a notice prepared by the Corporation Commission, after rejection of notice prepared by PSC, was issued which provided in pertinent part:

"Notice Is Hereby Given that the above named Applicant has filed an Application alleging that its earnings from electric utility service in Oklahoma are less than reasonable and asking that the Commission adjust the rates and grant such other relief as to enable the Applicant to earn a fair and adequate rate of return on its plant, property, and other assets devoted to public utility service in Oklahoma.

\*  \*  \*  \*  \*  \*

"It Is Further Ordered that Applicant shall cause the above notice to be published once a week for two consecutive weeks in a newspaper of general circulation in the county seat of all counties in which the Applicant has customers that will be affected by the Application and that notice by mail be given to the Chief Executive Officer of each municipality in which the Applicant furnishes electric retail service, and that such notice, both by mail and by publication, shall be made at Applicant's expense, submitting proof of publication and affidavits of mailing for the record herein.

"It Is Further Ordered that after hearing the Commission, regardless of the relief requested in the Application, shall issue such Orders and grant such relief as it deems to be proper, necessary, fair, reasonable and equitable in the premises, whether or not specifically prayed for in the Application."

The notice was published and PSC mailed flyers to its customers advising them a rate increase was being sought. It also advertised in certain newspapers that "each customer will pay a proportionate share of the increase." Nothing appeared in any of the notices, mailings, or newspaper advertisements alluding to restructuring of PSC's rates. No further notices were given.

Petitioners do not assert that PSC was not entitled to a rate increase, nor that restructuring of rates might not have been appropriate had proper notice been given. They allege that they were denied due process because of the insufficient, inadequate, and misleading notice given by the Corporation Commission. Instead of determining

an adjustment in the rates as the notice stated would be done, the Corporation Commission ordered a restructuring of rates which abrogated various classes of special tariffs without notice to those affected by the change in rate structure.

The Corporation Commission argues that the clause stating it would grant whatever relief necessary rendered the notice adequate. I do not agree. The notice did not adequately or meaningfully apprise petitioners of the subject matter of the action. Instead it notified them that a hearing would be held on a matter to which they had no objection, i.e., a proportionate increase in rates to be shared equally by all customers.

Notice is a jurisdictional requirement as well as a fundamental requisite of due process. Due process requires adequate notice and a realistic opportunity to appear at a hearing in a meaningful time and in a meaningful manner. The right to be heard is of little value unless adequate notice is given, and due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action.[1]

The failure of due process is amply demonstrated in this case by the fact the Corporation Commission and PSC both knew and realized a "restructuring of rates" was to be an important and integral part of the hearing.

Therefore, in my opinion, the Corporation Commission did not have jurisdiction to enter an order restructuring the rates and the cause should be remanded to the Corporation Commission for further proceedings after issuance of proper notice.

However, this Court has a duty to guard against any attempt to upset settled and established rate structures by imposition of new requirements which did not exist before; therefore, I would recognize that all procedural modifications enunciated herein should not be construed as invalidating the notice procedures in any other circumstance other than in the case before us, and that the application of the imposition of proper notice standards and procedures should be prospective only except as to the petitioners herein.[2]

I am authorized to state that Justice SIMMS and Justice DOOLIN concur in the views herein expressed.

### ORDER

IT IS ORDERED that the opinion of this Court heretofore promulgated on October 12, 1976, appearing in 47 O.B.J. 2326, shall be and the same is hereby withdrawn. The opinion of this Court adopted this date is promulgated in lieu thereof and as a substitute for said earlier opinion.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 7th day of March, 1977.

1. *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Schroeder v. New York,* 371 U.S. 208, 211, 83 S.Ct. 279, 9 L.Ed.2d 255, 89 A.L.R.2d 1398 (1962); *Riverside & Dan River Cotton Mills v. Menefee,* 237 U.S. 189, 35 S.Ct. 579, 59 L.Ed. 910 (1915); *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 58 L.Ed. 1363, 1369 (1914); *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713, 719 (Okl.1968); *Simms v. Hobbs,* 411 P.2d 503, 510 (Okl.1966).

2. See *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713, 721 (Okl.1968).