## SWAIN v. OKLAHOMA RY. CO.

No. 22036.    April 24, 1934.

O. A. Cargill, for plaintiff in error.

Hayes, Richardson, Shartel, Gilliland & Jordan, for defendant in error.

WELCH, J. This is an appeal from the district court of Oklahoma county from an order sustaining a demurrer to plaintiff's petition. B. C. Swain is plaintiff, and Oklahoma Railway Company, a corporation, is defendant, and the parties appear here in the same relative position they occupied in the trial court.

Plaintiff alleged in his petition that he was a resident and taxpayer of Oklahoma City, and patron of the Oklahoma Railway Company, and brings the action on behalf of himself and other citizens of Oklahoma City similarly situated.

He alleges that he was compelled to pay a ten cent fare for the privilege of riding

the defendant company's street cars within the limits of Oklahoma City, and that such fare is excessive in that the franchise granted to the defendant railway company, in 1902, provided a maximum fare of five cents for one continuous passage.

He pleads an ordinance passed by the city council on January 30, 1902, granting to the defendant's predecessor a franchise for the purpose of carrying on the business of conducting a street railway system in Oklahoma City, said ordinance having been approved by the mayor of such city on February 8, 1902, and alleges that such franchise was accepted by the defendant company; the ordinance is described as being No. 281, the franchise being originally granted to the Metropolitan Railway Company, and subsequently sold and assigned to the defendant; he alleges that such franchise was approved and confirmed and made legal by the Territorial Legislature, and that the same thereby became a valid and binding contract between the city of Oklahoma City and the defendant, and that same continues to be in full force and effect.

He alleges, further, that the Corporation Commission of the state of Oklahoma has heretofore attempted, and is now attempting, to assume jurisdiction over the fixing of fares to be charged by the defendant, and has heretofore by its order fixed the rate of fare at ten cents per passenger, which he alleges to be in violation of the franchise contract; and alleges, further, that the pretended orders of the Corporation Commission are irregular and illegal and contrary to the Constitutions of the state of Oklahoma and the United States, in that they violate the provisions of section 10, art. 1, of the Constitution of the United States, prohibiting the impairment of obligations of contract.

The petition contains allegations that plaintiff has no plain and adequate remedy at law, and alleges that unless the defendant is restrained from collecting such fares, plaintiff, and the other persons for whom he sues, will suffer irreparable damage and injury thereby. The prayer is for an order enjoining and restraining the defendant from collecting a ten cent fare within the confines of Oklahoma City.

To the petition the defendant filed its demurrer upon the following grounds:

(1) That the court has no jurisdiction of the subject of the action.

(2) Petition does not state sufficient facts to constitute a cause of action in favor of plaintiff and against the defendant.

The trial court sustained the demurrer.

Plaintiff elected to stand on the petition, and after the overruling of a motion for new trial, has duly perfected this appeal.

The franchise contained the following clause: "The charge for transporting passengers to be exacted by said railway company shall not exceed the sum of five cents. * * *" The plaintiff contends that the franchise ordinance was thereafter legalized by the Territorial Legislature (S. L. 1903, c. 9, art. 4, p. 141), and that by virtue of the acceptance of the franchise the defendant assumed a contractual obligation to transport passengers within Oklahoma City for a fare not to exceed five cents during the term of the franchise contract.

It is conceded by the parties that at the time of the granting of such franchise the municipality of Oklahoma City was without legal authority to grant the same, but it is contended by plaintiff that, on March 16, 1903, the sovereign authority granted such right by the act of the Territorial Legislature of that date, being section 3, art. 4, c. 9, p. 141, S. L. 1903, which is found as section 1484, R. L. 1910, and is quoted as follows:

"1484. Franchises Legalized. All licenses or franchises heretofore granted to any street railway company authorizing the construction and operation of an electric street railroad in any city in the state of Oklahoma, and which have not become forfeited or are lapsed by their terms are hereby ratified, legalized and confirmed."

And it is further contended by plaintiff that the above-quoted clause of the franchise has the effect, by virtue of such act of the Territorial Legislature, of fixing the rates to be charged by the defendant transportation company during the continuance of its franchise contract, and that the state, through the Corporation Commission, cannot change that rate.

At the outset we are faced with the fact that upon the advent of statehood the people of the state, by the adoption of our Constitution in clear and unequivocal terms, reserved to the state the exclusive power and authority to fix rates of fare to be charged by persons operating street railways within the state. This power and authority reserved to the state was vested in the Corporation Commission of the state (Constitution, sec. 18, art. 9) subject only to an appeal to the Supreme Court by any party or person aggrieved by any action of

the Corporation Commission in such matters (Constitution, sec. 20, art. 9). No other court of the state had jurisdiction to review or annul any action of the Commission within the scope of its authority (Constitution, sec. 20, art. 9). This section of our Constitution would seem to effectively bar the district court from granting to the plaintiff the injunctive relief sought, for if the defendant street railway is enjoined from collecting the ten cent fare authorized and directed by the Corporation Commission to be charged, then the action and order of the Corporation Commission would certainly be reviewed and annulled by the district court through the exercise of an authority and jurisdiction specifically denied to the district court by the Constitution.

Our Constitution, which creates the district court and fixes its jurisdiction, may surely limit that jurisdiction, or exclude therefrom certain authority, or certain actions, and this it clearly does. The fixing of street car fares by the Corporation Commission is certainly within the scope of its authority, and we apprehend it would not be contended otherwise in view of the detailed provision therefor in our Constitution.

It is true that the Constitution, in section 18, art. 9, after providing for the fixing of rates of fare by the Corporation Commission, provides that nothing in the section "shall impair the rights which have heretofore been, or may hereafter be, conferred by law upon the authorities of any city," to prescribe rates of charges to be observed. This proviso cannot aid plaintiff in this action. A municipality can never exercise these functions save as agent of the state, and only with specific and unequivocal authority from such sovereign principal. City of Pawhuska v. Pawhuska Oil & Gas Co., 64 Okla. 214, 166 P. 1058; Oklahoma Railway Co. v. Powell, 33 Okla. 737, 127 P. 1080; Oklahoma Railway Co. v. St. Joseph's Parochial School, 33 Okla. 755, 127 P. 1087.

The act of the Territorial Legislature, cited as ratifying and legalizing the former granting of franchise rights to any street railway company, in no manner grants to any city the irrevocable right or any right or authority to fix the rates of fare to be charged by any such railway company. However, if we assume that this territorial act did grant authority to cities to fix rates of fare, that authority could be withdrawn by the sovereign at any time, and any such action of the city was subject to change by the sovereign principal. It was so held in City of Pawhuska v. Pawhuska Oil Co., supra.

Our state, by its Constitution and statute laws, has set up a complete and exclusive method for supervising and fixing rates of fare to be charged by street railway companies. That method prohibits cities from fixing such rates and requires that they may be fixed by the Corporation Commission, which body is given specific authority to enforce its rate-fixing orders against any transportation company by section 3654, O. S. 1931. That method also prohibits a district court from reviewing or annulling such an order of the Corporation Commission; however, ample remedy at law is provided for by appeal to the Supreme Court.

The plaintiff here sought no relief at the hands of the Corporation Commission, the body authorized to fix rates of fare. Therein he failed to avail himself of his remedy at law. He sought relief by injunction.

In Harris v. Smiley, 36 Okla. 89, 128 P 276, it is held:

"A petition for an injunction, in order to warrant the issuance of the writ, must contain all the necessary allegations showing plaintiff to be entitled to the relief sought; and it will not be good as against a general demurrer, unless it shows that plaintiff has pursued and exhausted all legal remedies he may have, or shows that they are inadequate to give the plain and speedy relief to which he is entitled.

"If it appears from the petition that plaintiff has a plain, speedy, and adequate remedy at law, equity will not grant him relief by injunction."

See, also, Winans v. Beidler, 6 Okla. 603, 52 P. 405; Thompson v. Tucker, 15 Okla. 486, 83 P. 413; Stoner v. Hyde, 82 Okla. 5, 198 P. 328; Ferk v. Hall, 119 Okla. 251, 249 P. 1106.

In the opinion in the Harris Case, supra, the court says:

"It is a fundamental rule, so well established that citation of authority is unnecessary, that, to enable one to secure injunctional relief, he must show affirmatively in his petition that he has exhausted his legal remedies, or that they are inadequate to give him plain and speedy relief, and that, unless such relief is granted by injunction, he will suffer great and irreparable damage."

We, therefore, conclude that the exclusive authority to fix rates of fares to be charged

by street railway companies is in the Corporation Commission; that its order fixing such rate of fare may be challenged or attacked by appeal to this court, but that such order may not be reviewed or annulled by the district court; that the petition of the plaintiff in the district court for injunctive relief against the order of the Corporation Commission or to restrain the street railway company from complying with the Corporation Commission's order, did not state facts sufficient to constitute a cause of action or to entitle plaintiff to any relief by injunction in that court, and that the defendant's demurrer thereto was properly sustained by the trial court.

The action of the trial court in sustaining such demurrer is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and BAYLESS, JJ., concur.