## BONEBRAKE HARDWARE CO. v. MILLER.

No. 27654.　Sept. 28. 1937.

J. A. Rinehart, for plaintiff in error.

S. T. Roberson, Co. Atty., Lucius Babcock, Jr., Asst. Co. Atty., and J. N. Roberson, for defendant in error.

HURST, J. This case involves the constitutionality of section 4, art. 15, ch. 66, Sess. Laws 1935, providing:

"All penalties, interest 'and costs that have accrued on unpaid special assessment taxes levied and assessed for the year 1932 and all prior years are hereby waived, canceled, and released."

The case arose under the following circumstances: The plaintiff, Bonebrake Hardware Company, owned four lots in the city of El Reno, 'against which special assessment taxes had been levied to pay street improvement bonds assessed against a certain district in said city. The bonds mature in 1938, and a substantial part of the bonds were unp'aid and the fund raised to pay the bonds and interest was delinquent several hundred dollars. The bonds were issued pursuant to the charter provisions of the city of El Reno and chapter 173, Sess. Laws 1923, and they draw interest at the rate of 6 per cent. per annum until m'aturity and interest at the rate of 10 per cent. per annum after maturity. The plaintiff was delinquent in paying special assessment taxes against his property, and interest, penalties, and costs to the amount of $417.11 h'ad accrued on such delinquent taxes. After the enactment of section 4, art. 15, ch. 66, Sess. Laws 1935, the plaintiff tendered the principal am unt of the delinquent taxes without interest, penalties, and costs, but the county treasurer refused to accept the same and thereupon the plaintiff paid the tax with the interest, penalties, and costs under protest and filed this action to recover the same. The defendant defended on the ground that the said section 4, art. 15, ch. 66, Sess. Laws 1935, is unconstitutional and violates section 15, art. 2, and section 53, art 5, of the Constitution of Oklahoma, and article 1, sec. 10, of the United States Constitution. The city of El Reno, owner of some of the improvement bonds in question, intervened and filed an answer denying that the plaintiff was entitled to any relief. The case was tried on an agreed statement of facts, stating substantially the foregoing facts. Judgment was rendered for the defendant, and from that judgment this appeal was taken.

The question involved in this case was decided adversely to the contentions of the plaintiff in Straughn v. Berry (1937) 179 Okla. 364, 65 P. (2d) 1203, where it was held that section 4, art. 15, ch. 66, Sess. Laws 1935, is unconstitutional. We adhere to the rules stated in that decision.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J. and PHELPS and CORN, JJ., concur.