## DICKINSON, Trustee in Bankruptcy, v. OKLAHOMA NATURAL GAS CO.

No. 27268.   Oct. 19, 1937.

John W. Porter, for plaintiff in error.

Underwood, Canterbury, Pinson & Lupardus, for defendant in error.

PHELPS, J.   This is an action by one public utility company against another to require the latter to furnish the plaintiff with gas. The trial court denied plaintiff's prayer for the writ of mandamus, and the plaintiff appeals.

The plaintiff is trustee in bankruptcy for the Cherokee Public Service Company. That company is chartered as a public utility, engaged in furnishing gas through pipe lines to certain communities, and in pursuance thereof it has franchises for furnishing gas to the cities of Wagoner and Muskogee, and it furnishes gas to other localities. In the city of Muskogee it is in competition with the defendant, Oklahoma Natural Gas Company, which defendant is likewise engaged in furnishing gas to cities and individuals throughout the state. The defendant at one time furnished gas to the plaintiff, delivering it into the lines of the plaintiff company at the city gates of Wagoner. This service was discontinued at the instance of plaintiff, several years ago, and has not been resumed.

A number of propositions are advanced by the plaintiff, but we consider it unnecessary to discuss them, due to the fact that since the filing of briefs in the case this court has filed its opinion in another action, quite similar to the instant appeal, wherein the plaintiff sought the same relief against Southwestern Natural Gas Company, a subsidiary of defendant. We held in that case that where a public utility is seeking mandamus to require another public utility to furnish it with gas, to be retailed by the former to its patrons, and where the quality or nature of the service being sought is merely that which is called in the industry "standby" service, in the absence of an emergency, the writ is rightly refused. Such appears to be the nature of the service being sought in the instant case. The evidence reveals that the plaintiff company would, if the writ were issued, take the defendant's gas only when it could not produce or purchase gas itself at a cheaper rate than that necessitated by the defendant's business. Accordingly, the defendant would be put to the trouble and expense of furnishing the facilities for supplying gas, with no assurance of a continuous market. Our recent decision, discussed above, is Dickinson v. Southwestern Natural Gas Co., 179 Okla. 524, 66 P. (2d) 511, and therein we said:

"* * * An element of fair play is required on the part of the purchasing company which militates against the judicial approval of a plan which would require a wholesale company to stand in readiness to render a service which might never be required and thus assume a potential burden with only a possibility of remuneration."

The facts in the two cases being in all practical respects the same, and the issues virtually identical, it follows that the judgment should be affirmed, and it is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.