**DICKINSON, Trustee in Bankruptcy, v. OKLAHOMA NATURAL GAS CO.**

No. 27269. Oct. 19, 1937.

John W. Porter, for plaintiff in error.

Underwood, Canterbury, Pinson & Lupardus, for defendant in error.

PHELPS, J. This is an action by W. D. Dickinson, as trustee in bankruptcy for Municipal Gas Company of Muskogee, seeking a writ of mandamus to compel the Oklahoma Natural Gas Company to supply the former with gas, for retail distribution to its patrons within the city of Muskogee. The trial court denied the writ, and plaintiff appeals.

The Municipal Gas Company of Muskogee is a subsidiary corporation of the Cherokee Public Service Company, and the plaintiff, Dickinson, is also trustee in bankruptcy for that company.

It appears from the petition and the evidence that the character of the service being sought is that which is known as "standby" service in the industry. In Dickinson v. Southwestern Gas Co., 179 Okla. 524, 66 P. (2d) 511, and in No. 27268, Dickinson, Trustee, v. Oklahoma Natural Gas Co., filed this day, 181 Okla. 94, 72 P. (2d) 724, we held that such service, in the absence of an emergency, cannot be compelled by one public utility against another, where both are in the same line of business. Reference is hereby made to that decision, and on the authority thereof this proposition is dispensed with.

Another proposition advanced by the plaintiff in error is that in view of the fact that a peremptory writ of mandamus was issued in the case, the trial court was without authority to inquire into the issues on defendant's motion to dissolve the writ. In this connection the plaintiff cites section 738, O. S. 1931, relating to mandamus proceedings, in which it is provided that no pleading or written allegation is allowed other than the writ and answer. The theory of the plaintiff is that when the trial court issued its peremptory writ of mandamus the case thereby became closed and that the writ could not be vacated by the filing of a motion to that end.

Under the facts in the particular case, we cannot agree with that contention. It appears that the peremptory writ was granted in a proceeding wholly ex parte. The defendant had no opportunity to contest the issuance thereof, and we think it should be self-evident that this court should not approve any contention which would take from a litigant the right to his day in court.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.