WILSON & CO., Inc., v. OKLAHOMA GAS & ELEC. CO. et al.

No. 29950. April 14, 1942.

*126 P. 2d 1009.*

Hayes, Richardson & Shartel, of Oklahoma City, and Paul Ware, of Chicago, Ill., for plaintiff in error.

Rainey, Flynn, Green & Anderson, of Oklahoma City, and Underwood, Canterbury, Pinson & Lupardus, of Tulsa, for defendants in error.

GIBSON, J. This action was instituted in the district court of Oklahoma county by Oklahoma Gas & Electric Company and the trustees of Oklahoma Natural Gas Corporation, dissolved, against Wilson & Company and the Corporation Commission of the State of Oklahoma, to enjoin the enforcement of an alleged illegal order issued by said commission. From a judgment granting interlocutory injunction, Wilson & Company appeals.

The judgment appealed from restrains Wilson & Compny, until further order, from further prosecution of an action pending in said court, entitled Wilson & Company, Plaintiff, v. Oklahoma Gas & Electric Company and Fidelity & Casualty Company of New York, Defendants, No. 71898, in which action plaintiff is seeking to recover judgment on certain supersedeas bonds executed by said defendants to supersede the order of the commission aforesaid on appeal therefrom to the Supreme Court.

For a number of years the controversy over said order and bonds has been in the state and federal courts. The order was issued on April 13, 1926, under No. 3388, and purported to reduce the rate of charges on natural gas then being supplied to Wilson & Company by Oklahoma Gas & Electric Company. Appeal was taken to the Supreme Court by the latter company and Oklahoma Natural Gas Corporation, and the bonds in question were given to supersede the order. The Supreme Court affirmed the commission (Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okla. 272, 288 P. 316).

Immediately thereafter the plaintiffs in the instant case, proceeding on the assumption that the order in question and its affirmance as aforesaid were merely the result of an administrative proceeding, filed an action in the District Court of the United States for the Western District of Oklahoma seeking, as they assert, to test the validity of the order by judicial review and to enjoin the enforcement thereof. After the questions involved had been before the Circuit Court of Appeals and the Supreme Court of the United States on a number of occasions, the latter court finally disposed of the case on jurisdictional grounds, holding that by reason of the provisions of 28 U.S.C.A. 379 the federal courts were prohibited from issuing injunctions in such cases to stay proceedings in state courts (Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co. et al., 309 U. S. 4, 60 S. Ct. 215, 84 L. Ed. 537). In that case the court was apparently of the opinion that the plea interposed in the action on the bonds, No. 71898, attacking the validity of order No. 3388 was a proper method of obtaining a judicial determination of that question, and in this connection the court said:

"The present suit, therefore, is one for an injunction 'to stay proceedings' previously begun in a state court. The decree below is thus within the plain interdiction of an Act of Congress, and not taken out of it by any of the exceptions which this court has heretofore engrafted upon a limitation of the power of the federal courts dating almost from the beginning of our history and expressing an important congressional policy—to prevent needless friction between state and federal courts. . . ."

Thereupon the plaintiffs commenced the present action.

In the meantime, prior to the decision of the Supreme Court of the United States, 309 U. S. 4, supra, the action commenced by Wilson & Company, No. 71898, to recover on the bonds as aforesaid, was prosecuted to final judgment in favor of the plaintiff therein in the face of a motion to stay proceedings pending final disposition of the federal court action brought to test the validity of said order No. 3388. On appeal from the judgment in cause No. 71898 we held that the trial court erred in denying the motion to stay the proceedings, and remanded the cause with directions to stay the action in accordance with defendants' motion (Oklahoma Gas & Electric Co. et al. v. Wilson & Co., Inc., 178 Okla. 604, 63 P. 2d 703). Subsequent to the mandate in that case the Supreme Court of the United States handed down its decision, supra, denying jurisdiction. Then, as stated above, this action followed.

Wilson & Company has interposed the following defenses to the present action:

First. The judgment of this court affirming Order No. 3388 on review thereof (146 Okla. 272, 288 P. 316) was res judicata of the issues pertaining to the primary obligation of the Oklahoma Gas & Electric Company to refund the overcharge for natural gas; that the proceedings on appeal constituted a judicial review as distinguished from a legislative review, and was final.

Second. That although the action of this court on said appeal may have constituted no more than the final step in a legislative proceeding to establish rates, the district court was nevertheless without jurisdiction to review or annul or to enjoin the enforcement of said order by reason of the provisions of section 20, art. 9, of the Constitution.

Third. That the jurisdiction of the district court to review the order in an equitable action is not essential to the validity of the same, since both this court and the federal district court have such jurisdiction.

Fourth. That another action between the parties, No. 71898, above, involving the same cause was pending in the same court; that the validity of said order No. 3388 could be tested by way of defense in said action No. 71898.

There were other defenses urged which would go to the merits of the order in question and not to the jurisdiction of the district court in testing

the validity of said order in an equitable action. They have no part in the proceedings to obtain the interlocutory injunction here on appeal.

The trial court in granting the injunction in this case held that the decision of this court on the former appeal (178 Okla. 604, 63 P. 2d 703) was clearly to the effect that the plaintiffs were justified in considering our review of order No. 3388 as being legislative and not judicial, and that the plaintiffs under the circumstances were entitled to maintain an action in equity to test the validity of the order, and that our decision was now the law of the case.

And such was our holding in that case. But the decision had specific reference to the injunction suit then pending in the federal court. The question of the propriety of such a suit in a state court was not before us. We also held that by reason of the particular circumstances involved, the plea in No. 71898 attacking the validity of order No. 3388 was not an effective method of obtaining a judicial review thereof; that where direct attack in equity is made on such an order the liability thereon is not final so as to support such an action as No. 71898 until its validity is judicially determined by direct attack in equity. Our opinion was before the Supreme Court of the United States when the opinion reported in 309 U. S. 4, above, was promulgated. Why the above pronouncement of this court was not there recognized, we are unable to say. The minority opinion does recognize our holding, and considers the same as a purely state question (309 U. S. 11, 12), which it is.

In our former opinion (178 Okla. 604, 63 P. 2d 703), we referred to Oklahoma Cotton Ginners' Ass'n v. State, 174 Okla. 243, 51 P. 2d 327, wherein it was held that our reviews of rate orders such as order No. 338 were judicial, and said:

"At the time this cause was tried and determined in the lower court the Cotton Ginners Case had not been decided, and the right to judicial review of rate orders in state courts remained uncer-

tain, as will clearly appear from our decisions at that time. See McAlester Gas & Coke Co. v. Corporation Commission, 101 Okla. 268, 224 P. 698; also Oklahoma Nat. Gas Co. v. Russell, 261 U. S. 290."

Then, following the decision in Corporation Commission v. Cary, 296 U. S. 452, 66 S. Ct. 300, 80 L. Ed. 324, we summed up our holding as follows:

"In the instant case, in view of the fact that defendants' right to a judicial remedy in the state courts was uncertain, the federal court acquired jurisdiction of the cause instituted therein by defendants. That remedy was available to them as the only certain method of obtaining a judicial determination of the validity of the commission's order. The suit was a direct attack upon such order, and until its validity was established in that suit, the state court was without jurisdiction to proceed with an action based upon such order. This for the reason that where direct attack in equity is made upon the order of the commission, the defendants' liability on such order is not finally determined judicially until final determination of the equitable action. See Pioneer Tel. & Tel. Co. v. State, 40 Okla. 417, 138 P. 1033."

Therefore, our former opinion holds that by reason of the uncertainty of the right to a judicial review of rate orders in state courts as reflected by our decisions obtaining at the time suit No. 71898 was commenced, the defendants therein should be allowed to attack the order in an equity case in the federal district court in order to obtain a judicial review thereof, and that an action to recover on the bonds was premature so long as the direct attack in equity remained undisposed of, and that a plea attacking said order filed in the suit on the bonds was not a proper method for testing the validity of the order.

That holding has now become the law of the case.

But the Supreme Court of the United States has now held that the federal courts are not available to the present plaintiffs for the reason, as said above, that the plea in case No. 71898 constituted a sufficient judicial remedy. But,

as we have also said, the remedy was not a proper method of attacking the validity of the order. The writer of the majority opinion evidently overlooked our holding in this regard, and since we had already said that the plea of invalidity as a defense in cause No. 71898 was ineffective, we must consider that as binding here. We said the remedy was insufficient, and that is a matter of local concern, and one which the federal courts, when called to their attention, will not interfere with. Our judgment was that the remedy by way of defense did not exist. That is a matter of state remedial procedure, and the judgment was conclusive so far as the federal courts were concerned. Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U. S. 4, supra.

When suit No. 71898 was commenced to recover on the bonds, these plaintiffs had already commenced equitable proceedings in federal court to test the validity of order No. 3388 by judicial review. They were pursuing a remedy that was apparently suitable to the law as currently interpreted by this court. They have not as yet abandoned their efforts to pursue their remedy in equity and thereby to obtain a judicial review of said order. We cannot see that time has altered the remedial rights of the parties as they originally existed and as then set in motion.

However, the Supreme Court of the United States has said that no remedy exists in the federal courts, thus to relegate the plaintiffs to such remedies as may have originally existed in the state courts. On the former appeal we have said in this connection that plaintiffs were entitled to judicial review of the order by way of direct attack in equity. And since we there refused, for the reasons therein stated, to apply the decision in the Oklahoma Cotton Ginners' Association Case to the order of the commission, and have later declined to make that decision retroactive (Community Natural Gas Co. v. Corporation Commission, 182 Okla. 137, 76 P. 2d 393), the rights of the parties as they existed originally have not changed, and they are now entitled to a judicial review of said order as a matter of right and justice.

But the defendant Wilson & Company says that by reason of section 20, art. 9, of the Constitution, the district court cannot interfere in any way with order No. 3388. That portion of the section referred to reads as follows:

"No court of this state (except the Supreme Court, by way of appeals as herein authorized) shall have jurisdiction to review, reverse, correct, or annul any action of the commission within the scope of its authority, or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties: Provided, however, that the writs of mandamus and prohibition shall lie from the Supreme Court to the commission in all cases where such writs, respectively, would lie to any inferior court or officer."

On the former appeal we did not hold specifically that the state district court had jurisdiction to review said order, but we did say that a suit in equity to test the validity thereof could be maintained in federal court. In this we were wrong. 309 U. S. 4, supra. Our decision was predicated upon the uncertainty of available judicial relief in the state courts at the time the order was affirmed by this court on review. Since no such relief may be had in federal courts, there must be some remedy open in the state courts whereby judicial review of the order may be had in order to satisfy due process. We have heretofore held that the plea attacking the order by way of defense in the suit on the bonds was insufficient.

Defendant says that due process may be accomplished under the above constitutional provision, and a violation thereof by permitting a separate action in district court is unnecessary to due process. Southern Oil Corp. v. Yale Natural Gas Co., 89 Okla. 121, 214 P. 131; Russell Petroleum Co. v. Walker, 162 Okla. 216, 19 P. 2d 582; Swain v. Oklahoma Ry. Co., 168 Okla. 133, 32 P. 2d 51.

In Southern Oil Corp. v. Yale Natural Gas Co., supra, it appears that no appeal had been taken from the order complained of to this court as authorized by the Constitution. That is, the appeal to this court, which has heretofore been considered the final and necessary step in the legislative procedure for establishing public utility rates, was not had in that case. The parties affected had attempted to enjoin the commission's order without first completing the legislative process. This clearly distinguishes that case from the present one.

The same may be said of the other two cited cases. And we may say further regarding those two cases that they were decided long after the present plaintiffs first commenced their efforts to obtain an equitable review of order No. 3388 by separate action. When their rights to judicial review first accrued, the decision in Pioneer Telephone & Telegraph Co. v. State, 40 Okla. 417, 138 P. 1033, stood undisturbed as this court's pronouncement on the subject now before us. There the court held as follows:

"If said order was invalid, it was permissible for appellant to directly challenge same (1) by appeal, (2) by application to the commission to set same aside, and (3) by an action in equity to restrain its enforcement."

In connection with that holding, the court, in the body of the opinion, said:

"Three remedies were available to the appellant by which the validity of said order might be challenged: (1) By appeal as provided in section 20 of article 9 (section 238, Williams' Anno. Ed.) of the Constitution; (2) by application made directly to the commission to set aside order (section 18 of article 9 [section 234, Williams' Anno. Ed.] of the Constitution); and (3) by an action in equity to restrain its enforcement. As a matter of practice the first two remedies should be sought before the last remedy is resorted to. Prentis v. Atlantic Coast Line, 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150."

And the court made the further statement as follows:

"Following the rule laid down in the Prentis Case, we have no other alternative than to hold that, by virtue of section 6 of the Bill of Rights, the direct proceeding in a court exercising equity powers in the district and superior courts of this state was available to appellant to challenge the validity of the order."

The above holding stood as the announced policy of this court in its treatment of rate orders issued by the Corporation Commission, and these plaintiffs were entitled to rely thereon.

Defendant takes the position that by reason of the proviso in section 20, art. 9, supra, a judicial review of the order might have been had by writ of mandamus or prohibition.

If judicial review could have been so accomplished, we have never so held. The constitutional proviso could have no application here. Mandamus may lie to compel action on the part of the commission as to matters within the scope of its constitutional authority. But we cannot control its judicial or legislative conclusions, except in cases of arbitrary abuse of discretion. Reirdon v. County Court of Marshall County, 183 Okla. 274, 81 P. 2d 488. And prohibition is directed only to inferior courts or to officers exercising judicial or quasi-judicial powers. The writ is to prohibit the exercise of unauthorized or excessive judicial force. Schuman v. Sternberg, 179 Okla. 118, 65 P. 2d 413. The commission was not exercising judicial or quasi-judicial powers when it promulgated order No. 3388.

This same argument was advanced in Oklahoma Operating Co. v. Love, 252 U. S. 331, 40 S. Ct. 338. That was a rate case from this state. The court was of the opinion that in the absence of a decision of this court to the contrary, neither mandamus nor prohibition could be employed to review an order alleged to be void because confiscatory. And, continuing, the court said:

"The proviso 'that the writs of mandamus and prohibition shall lie from the Supreme Court to the commission

in all cases where such writs, respectively, would lie to any inferior court or officer,' appears to have no application here. The challenge of a prescribed rate as being confiscatory raises a question not as to the scope of the commission's authority but of the correctness of the exercise of its judgment."

On former appeal of this case, when we held that plaintiffs were entitled to maintain the injunction suit in the federal court, we were certain, and so held, that they could resort to equity. We now hold that in view of our decision that plaintiffs were entitled to seek injunctive relief against the order, and in view of the decision in the Pioneer Case, supra, the plaintiffs could then, and can now, maintain an action in equity in district court to restrain its enforcement and thus obtain a judicial review thereof.

By reason of our previous decision on the matters in issue and our decisions obtaining at the time plaintiffs first sought their equitable remedy and because of the particular circumstances of this case, we can reach no other conclusion. Appeals involving rate orders entered by the Corporation Commission since our opinion in the Cotton Ginners' Case was promulgated will be governed by the rule of that case, and our holding herein is specifically restricted to the present case.

The judgment is affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. WELCH, C. J., and RILEY, HURST, and ARNOLD, JJ., dissent.

WELCH, C. J. (dissenting). I think the majority opinion recognizes in the district court a power and jurisdiction to review, reverse, correct, or annul an action of the Corporation Commission within the scope of its authority; and to enjoin, restrain, or interfere with the commission in the performance of its official duty, contrary to the Constitution, article 9, sec. 20. Therefore, I dissent.