STATE ex rel. OKLAHOMA NATURAL GAS CO. v. HUGHES, Judge, et al.

No. 34865.    Dec. 15, 1950.
Rehearing Denied Jan. 30, 1951.
Second Petition for Rehearing
Denied Feb. 20, 1951.

*227 P. 2d 666.*

Albert G. Kulp, Paul Pinson, O. L. Lupardus, and T. H. Eskridge, Tulsa, for petitioner.

C. J. Davenport, Sapulpa, W. C. Franklin, Tulsa, Chas. A. Moon, Muskogee, Ernest W. Smith, Henryetta, and A. N. Boatman, Okmulgee, for respondent.

James G. Welch, L. D. Thomas, Jr., and D. C. McCurtain, Oklahoma City, for Corporation Commission, amicus curiae.

WELCH, J. The purpose of this action is to prohibit Kenneth Hughes, judge of the district court of Creek county, and Judicial District No. 24, from enforcing a certain peremptory writ of mandamus heretofore issued in case No. 27458, district court of Creek county, and from exercising further jurisdiction of the subject-matter of that cause.

The plaintiff relator, hereinafter referred to as "The Oklahoma Natural," is a public utility engaged in the sale and distribution of natural gas.

On and prior to July 9, 1949, there was and now is in force and effect within the state what is known as "Rate Schedule I-1." Such is the rate schedule set up in an order of the Corporation Commission fixing the rate for the sale of gas to industrial consumers, and prescribing regulations appliable to the furnishing of industrial gas service. Therein industrial consumers are defined as those whose primary business is the manufacture or the processing of a product for sale to the public and it is provided that gas service to industrial consumers under Rate Schedule I-1 and approved contract practice may be interrupted or discontinued without notice when the supply of gas is inadequate to meet the demands of the supplier's other customers.

By order of July 9, 1949, effective September 1, 1949, the Corporation Commission approved certain gas rate schedules as filed and requested by the Oklahoma Natural which includes what is designated as "Rate Schedule PG." Under Rate Schedule PG a rate for the sale of gas to industrial consumers is fixed at a price substantially higher than is established by Schedule I-1 on a basis that large industrial gas consumers who are or might be otherwise served under Rate Schedule I-1 may contract in writing for uninterruptible gas and thus in some instances have a character of priority of gas service over customers served under Rate Schedule I-1, or served under rates providing for possible interruption or discontinuance of service without notice.

On March 28, 1950, Bartlett-Collins Company, a corporation, joined with others, all users of natural gas for manufacturing purposes and purchasers of gas so used from the Oklahoma Natural under contracts embodying Rate Schedule I-1, filed petition in the district court of Creek county, case No. 27458, praying for a writ of mandamus commanding the Oklahoma Natural to furnish to the said users the natural gas suitable to their needs and wholly without reference to alleged contracts executed with other consumers under the new rate Schedule PG.

It seems that Oklahoma Natural served gas to plaintiffs in that action pursuant to approved contracts under Rate Schedule I-1, and in the same locality served other industrial users pursuant to approved contracts under Rate Schedule PG. As to plaintiffs in that action there had been some interruptions or curtailment of service as authorized under the Rate Schedule I-1 practice and contract, while in the

same locality gas had been furnished to other industrial users under the PG rate schedule and practice without any interruption as specifically authorized by the PG rate schedule contract and practice.

It was the purpose of that district court suit to compel Oklahoma Natural to cease the above action and practice as to the plaintiffs which was claimed to be illegally discriminatory against them.

Oklahoma Natural took the position that all the above actions and practices were proper under the aforesaid approved rates, practices and contracts and further asserted in effect that the plaintiffs' suit, if sustained, would effect a defeat and nullification of an order of the Corporation Commission in approved rate schedules or suspend the execution and operation thereof, beyond the power and jurisdiction of the district court so to do.

In case No. 27458, after hearings held, objection to the exercise of jurisdiction over the subject-matter of the action was overruled, and the trial court entered an order and judgment that peremptory writ of mandamus issue directed to Oklahoma Natural. In that judgment there was a finding that the order of the Corporation Commission approving or establishing the Rate Schedule PG was invalid and that Rate Schedule PG was null and void. The judgment in mandamus then commanded of Oklahoma Natural that certain things be done, and that certain practices be followed by Oklahoma Natural which would in effect nullify Rate Schedule PG or prevent Oklahoma Natural from following the practices authorized thereby.

Oklahoma Natural gave notice of appeal from such judgment, but pending necessary time to complete the appeal, commenced this action for prohibition.

The sole issue here is whether the district court had jurisdiction of the subject-matter, and jurisdiction to render the judgment rendered in said cause

No. 27458. The Corporation Commission has filed a brief, amicus curiae.

Our Constitution, in article 9, sec. 20, provides as follows:

"No court of this State, except the Supreme Court, shall have jurisdiction to review, affirm, or reverse, or remand any action of the Corporation Commission with respect to the rates, charges, services, practices, rules or regulations of public utilities, or of public service corporations, or to suspend or delay the execution or operation thereof, or to enjoin, reverse or interfere with the Corporation Commission in the performance of its official duties; provided, however, that writs of mandamus or prohibition shall lie from the Supreme Court to the Corporation Commission in all cases where such writs respectively would lie to any inferior court or officer."

We think it apparent that the plaintiffs' cause of action and right to the relief granted in case No. 27458 rests upon the claimed invalidity of the action of the Corporation Commission in approval of rates, charges, services and regulations applicable to Oklahoma Natural, a public utility, and that the peremptory writ of mandamus was in effect a reversal and annulment of such an action of the Corporation Commission, and purported to suspend the execution or operation thereof.

Against this view it is contended that the Corporation Commission order of July 6, 1949, was invalid; that the rates, contracts, and practices under the Schedules I-1 and PG result in unlawful discrimination against gas users on the I-1 rate. These contentions, however, cannot be resorted to as an avoidance of the constitutional rule that the district court is without jurisdiction. This does not mean that parties feeling themselves so aggrieved are without remedy. They might have appealed from the order of July 9, 1949. They may at any time apply to the Corporation Commission for relief from any oppressive, discriminatory, or objectionable rate schedule order, and may appeal therefrom to this court.

Thus may be had a complete judicial review in keeping with the Constitution, and a comprehensive attack on rate schedules and practices may thus be made. Such cannot occur in the district court on account of specific constitutional inhibition.

For some of the cases in which this court has heretofore referred to this constitutional bar to district court jurisdiction, see Southern Oil Corp. v. Yale Natural Gas Co., 89 Okla. 121, 214 P. 131; Chicago, R. I. & P. Ry. Co. v. Brown, 105 Okla. 133, 232 P. 43; Russell Petroleum Co. v. Walker, 162 Okla. 216, 19 P. 2d 582, and Swain v. Oklahoma City Ry. Co., 168 Okla. 133, 32 P. 2d 51.

It is urged that the order of July 9, 1949, was invalid for lack of notice to gas consumers, but such notice was not a prequisite to entering the order. In this connection, see Eagle Picher Lead Co. v. Henryetta Gas Co., 112 Okla. 65, 239 P. 890, and American Indian Oil & Gas Co. v. Geo. F. Collins & Co., 157 Okla. 49, 9 P. 2d 438.

No challenge is made of the authority of the Corporation Commission in the regulation of public utilities and we deem it unnecessary to here cite the constitutional and statutory provisions which authorize the Corporation Commission to prescribe rates and regulations in the sale and distribution of natural gas.

The plaintiff relator directs attention to the necessary delay incident in an appeal, and before a determination could be had of its appeal, from the judgment and order entered in case No. 27458, and directs attention to the imminent cold weather season and the expected increased requirement of gas for domestic purposes and otherwise as will require a proration of gas available for industrial usage, and of the dilemma in furnishing gas in accordance with its contracts for priority gas service to its customers under Rate Schedule PG as approved by the Corporation Commission.

The delay incident in appeal and the imminent cold weather season and increased gas requirements are matters of proper judicial notice, and in notice thereof and of the resulting conflicts arising in an obedience to the trial court's order and the commission's order approving Rate Schedule PG, we conclude that plaintiff relator's remedy by appeal from the court's order is inadequate and upon our finding that the trial court's order is an unauthorized application of judicial force, writ of prohibition should issue. As stated in Harris Foundation, Inc., v. District Court of Pottawatomie County, 198 Okla. 222, 163 P. 2d 976:

"Prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld because other concurrent remedies exist; it not appearing that such remedies are equally adequate and convenient."

For the reasons stated, the respondent is prohibited, for lack of jurisdiction and authority, from enforcing by any means or manner the writ of mandamus heretofore issued in case No. 27458 in district court of Creek county, or from exercising further jurisdiction of the subject matter of that cause.

DAVISON, C. J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., dissents.

GIBSON, J. (dissenting). I would concur in the majority opinion if cause No. 27458 in the district court of Creek county were an attempt to "review, affirm, reverse, or remand any action of the Corporation Commission with respect to the rates, charges, services, practices, rules or regulations of public utilities, or of public service corporations, or to suspend or delay the execution or operation thereof, or to enjoin, reverse or interfere with the Corporation Commission in the perform-

ance of its official duties", for then the district court would have no jurisdiction of the action. But, as I see it, the Creek county case was one to compel the Oklahoma Natural Gas Company to do its duty under the law and furnish gas to petitioners according to the terms of their contracts with Oklahoma Natural entered into pursuant to a valid and subsisting order of the commission, to wit: Rate Schedule "I-1". The district court of Creek county undoubtedly had jurisdiction of such an action. Dickinson, Trustee, v. Southwestern Natural Gas Co., 179 Okla. 524, 66 P. 2d 511.

Oklahoma Natural objected to the jurisdiction of the district court and in its answer alleged, among other things, that subsequent to the date on which Rate Schedule "I-1" was put into effect the Corporation Commission entered its order putting into effect Rate Schedule "PG", under which a new and favored class among industrial users was created and that gas users such as the petitioners herein might at their option contract with Oklahoma Natural under this rate schedule for an uninterrupted supply of gas for an additional consideration. That petitioners had been given an opportunity to take advantage of the provisions of Rate Schedule "PG" but they had refused to do so. Also that the Oklahoma Natural has customers who have contracted with it under Rate Schedule "PG" and that the purposes of the last-named Schedule would be defeated if the relief sought by petitioners should be granted. Also, that the proceeding in the Creek county district court was an attack on a rate order which only the Corporation Commission had jurisdiction to hear and determine.

It is said in the majority opinion that it was the purpose of the district court suit (No. 27458) to compel Oklahoma Natural to cease furnishing gas to its customers under Rate Schedule "PG". Such was not the purpose of that suit, but it was to compel Oklahoma Natural to furnish petitioners gas contracted for under Rate Schedule

"I-1", about the validity of which there is no question. It is true that Oklahoma Natural, for its defense, alleged that it could not be compelled to perform its contracts under Schedule "I-1", for by so doing it would not be able to perform its contracts under Schedule "PG". This was purely defensive and could not serve to divest the district court of its jurisdiction of the mandamus action, lawfully acquired, nor could it convert the mandamus action to compel the performance of a contract into an action attacking the validity of a rate order.

It is true that the district court had to determine whether Rate Schedule "PG" was valid or void on its face in order to determine whether Oklahoma Natural had stated and proved a defense to the mandamus action. This, in my opinion, that court had the jurisdiction and power to do. The Southern Pine Lumber Co. v. W. B. Ward et al., 16 Okla. 131, 85 P. 459 (affirmed 208 U. S. 126, 28 S. Ct. 239, 52 L. Ed. 420).

For the foregoing reasons I think the writ sought herein should not be granted.