STATE of Oklahoma ex rel. Scott TUX-HORN, Chairman, L. W. Johnson, Vice-Chairman, Fred White, Secretary-Member, Oklahoma State Board of Public Affairs; George Wright Lumber Company, Relators,

v.

The DISTRICT COURT OF WOODWARD COUNTY, Oklahoma and The Honorable F. B. H. Spellman, Judge Thereof, Respondents.

No. 43714.

Supreme Court of Oklahoma.

Sept. 4, 1969.

G. T. Blankenship, Atty. Gen., Oklahoma City, Larry Weber, Altus, Clyde A. Muchmore, Oklahoma City, for relators.

Clyde J. Watts, Oklahoma City, for respondents.

## MEMORANDUM DECISION

JACKSON, Justice.

We are requested by Relators, State Board of Public Affairs, and others, to accept jurisdiction of this original proceeding and prohibit the District Court of Woodward County, Oklahoma, and its judge, from enforcing its injunction to prohibit

the Board and George C. Wright Lumber Company from executing a repair or construction contract as hereinafter explained.

■ Since a failure to entertain jurisdiction would result in delaying needful and necessary repairs at a State Institution, with possible rising costs of labor and material, we have concluded we should assume jurisdiction. State ex rel. Oklahoma Natural Gas Co. v. Hughes, 204 Okl. 134, 227 P.2d 666; Yocahm v. County Election Board, 198 Okl. 588, 180 P.2d 831; Butler v. Breckinridge, Okl., 442 P.2d 313.

■ Relator, State Board of Affairs, solicited bids pursuant to the provisions of 61 O.S.1961, Sec. 22, for (1) the renovation of the kitchen and dining room and (2) an add alternate or additional bid for the installation of two aluminum entrance doors, glass and glazing, including such demolition and rebuilding work, hardware and hardware installation as would be pertinent to the installation of the doors at Western State Hospital, Fort Supply, Oklahoma, if the Board elected to install the entrance doors. The doors were identified in the specifications as "Aluminum Entrance Doors (Doors #1 and #2)." The successful bidder in the "base bid" (renovation of kitchen and dining room) and in the "add alternate bid" (installation of two entrance doors as above noted) was required to furnish all labor and materials for such purposes. Copies of the specifications were made available for prospective bidders.

The "Add Alternate" was described in detail in Division 8, Section C of the specifications, and the bidder was requested to notice that "all of the work of this section (Section C) including removal of existing doors, new hardware, etc. is an alternate to the base bid." Deposits in the sum of 5% of the bids were required to accompany the sealed proposal of each bidder.

The statute, 61 O.S.1961, Section 30, requires solicitations for bids to describe the proposed contract in sufficient detail so that all bidders will know exactly what

their obligations will be as a successful bidder. No complaint is made that the specifications were not clear.

Bids were submitted on forms prepared by the Board of Affairs and Commonwealth Construction Company submitted its bids for the project (No. 12688) in exact conformity with the solicitation. Its "base bid" (for renovation of the kitchen and dining room) was $194,895.00. Its alternate bid was "Alternate No. 1—Add $2,-500.00."

The George Wright Lumber Company bid, on the form prepared by the Board was in pertinent part, as follows:

> "The undersigned—proposes to furnish all labor, materials and equipment necessary for the following, in accordance with specifications and plans for Project No. 12688, for the sum of $195,500.00.
>
> "(If Applicable) Each bidder is required to bid on all alternate proposals.
>
> "Alternate No. 1 Omit Alum. Ent. 1 and 2 Deduct $1,700.00
>
> Add ———."

When the bids were opened the Board of Affairs concluded that Wright's bid was submitted as a "Deduct bid" as distinguished from an "Add bid", and that Wright's $195,500.00 bid included all of the materials and labor for renovation of the kitchen and dining room as well as the installation of the aluminum doors and other work and materials as required in "Alternate No. 1" of the specifications. The Board accepted Wright's bid in the sum of $195,500.00 as the low bid for the total project as including Alternate No. 1. Thereafter Commonwealth brought an action in the District Court of Woodward County, Oklahoma, to enjoin the execution of a contract between Wright and the Board under the provisions of 61 O.S.1961, Sec. 40.

The trial court found that the Wright bid was not responsive to the invitation for bids by the Board, as not including the glass and glazing, hardware, and demolition and rebuilding work in connection with the installation of the aluminum doors as required in Alternate No. 1. The court further found that the Board had violated the Competitive Bidding law of the State in awarding the contract to Wright. The Board was enjoined from awarding the contract to Wright, and was ordered to re-advertise for bids and let a contract in accord with Oklahoma's Competitive Bidding law.

We are of the view that the acceptance of the Wright bid was not violative of the competitive bidding statute. Wright's "deduct bid", as distinguished from an "add bid" was a mere irregularity which could be waived by the Board. Anno. 65 A.L.R. at page 838, and cases therein cited.

It is argued that Wright did not propose in its so-called "base bid" (which purported to include the Add Alternate) to include glass and glazing, hardware and hardware installation, and the demolition and rebuilding work in connection with the installation of the two aluminum entrance doors. This conclusion is reached in argument because Wright did not include these items in its deduct bid, but only the two aluminum doors. That while Wright was not required to describe any part of the work to be done under an Add Alternate bid or under a Deduct bid its description of only a part of the work to be done under the Add Alternate shows a clear intention not to include the omitted items in its so-called base bid on the entire project. We are unable to share that view.

The Board's standard form for submitting bids was arranged so as to accomodate "Deduct" as well as "Add" bids. Wright's base bid included the entire project including the Add Alternate in its entirety. The specifications were specific and exact. The solicitation for bids was not confusing. If Wright had refused to enter into a contract in conformity with its base bid to include all of the requirements of Alternate No. 1, it seems clear that a forfeiture of its deposit of 5% of its total bid would have been in order.

The bidders in this case were bidding on the same identical material and labor and neither had an advantage over the other. See 43 Am.Jur. Public Works and Contracts § 40, and Anno. 65 A.L.R. 835, and cases therein cited.

Considering the foregoing it is ordered that the Respondents be, and they are, ordered to refrain from enforcing the injunction entered in the District Court and the order to re-advertise for bids.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.