**OKLAHOMA NATURAL GAS COMPANY, A DIVISION OF ONEOK INC., Petitioner,**

v.

**The CORPORATION COMMISSION OF the STATE OF OKLAHOMA; and the State of Oklahoma, Respondents.**

No. 78952.

Supreme Court of Oklahoma.

Oct. 20, 1992.

**1358**

Huffman Arrington Kihle Gaberino & Dunn by John A. Gaberino, Jr., Robert A. Huffman, Jr. and Vivian C. Hale, Tulsa, for petitioner.

Lindil C. Fowler, Jr., Leslie Wilson Pepper, Maribeth D. Snapp, Office of Gen. Counsel, Okl. Corp. Com'n, Oklahoma City, for respondent Corp. Com'n.

Ron Comingdeer, Oklahoma City, for respondent Indus. Energy Users Group.

HODGES, Vice Chief Justice.

Oklahoma Natural Gas (ONG) filed an application with the Oklahoma Corporation Commission (Commission) requesting that the Commission determine that ONG should not be required to furnish "standby" or partial service to customers who purchase natural gas from other suppliers. A hearing was held before an administrative law judge (ALJ). The ALJ found that the Commission had authority to compel ONG to furnish "standby" service within its service area if the Commission found such service to be in the public's best interest. The ALJ recommended that an evidentiary hearing be held to determine if ONG should be ordered to provide "standby" service and, if so, to establish rates for such service.

The Commission heard oral arguments and issued its ruling. The Commission found that it had authority to compel ONG to provide "standby" service if it found such service to be in the public's best interest, adopted the ALJ's report, and ordered a prehearing conference. The Commission certified its interlocutory order for this Court's consideration. We granted certiorari.

Article 9, section 18 of the Oklahoma Constitution provides that the Commission has the power over transportation and transmission companies "in all matters relating to the performance of their *public duties* and their charges therefor...." Section 152 of title 17 of the Oklahoma Statutes gives the Commission authority over all public utilities as to rates and "to prescribe rules, requirements and regulations, affecting their services, operation, and the management and conduct of their

business...." These two provisions give the Commission authority to compel "standby" service if the service is in the public's interest but only if the utility company receives remuneration for the "standby" services.

ONG argues that the Commission can compel "standby" service only if ONG has professed to have undertaken or has undertaken to provide such service. In *Oklahoma Gas & Electric Co. v. Wilson & Co.*, 146 Okl. 272, 288 P. 316 (1930), the plaintiff sought to require ONG to supply it with gas at the same rate as similarly situated customers. ONG had the gas lines in place to provide gas to the plaintiff. The Commission ordered ONG to provide the gas at the requested rate. This Court noted that when "one enters the public utility business by professing or undertaking to serve the public[,] the public obligation is limited by the extent of its profession." *Id.* 288 P. at 322. This Court found that ONG had undertaken to provide gas to the plaintiff and could, therefore, be compelled to do so.

In *State v. Oklahoma Gas and Electric Co.*, 536 P.2d 887 (Okla.1975), this Court held that section 152 of title 17 of the Oklahoma Statutes authorized the Commission to compel a utility to provide "adequate service to those it purports to serve...." *Id.* at 891. The key in *Oklahoma Gas & Electric Co. v. Wilson & Co.* and *State v. Oklahoma Gas & Electric Co.* was whether the public utility had undertaken or professed to have undertaken to provide service to the plaintiffs in these cases.

■ *Oklahoma Gas & Electric Co. v. Wilson & Co.* and *State v. Oklahoma Gas and Electric Company* limit the Commission's authority to compel services to those which the utility had undertaken or professed to have undertaken to serve. Whether the "standby" service is in the public's interest and whether ONG has undertaken to provide such service are factual questions which cannot be decided as a matter of law.

ONG argues that the Commission does not have the authority to compel ONG to furnish "standby" service even if such service is in the public interest. ONG bases this argument on *Dickinson v. Oklahoma Natural Gas Co.*, 181 Okl. 94, 72 P.2d 724 (1937), and *Dickinson v. Southwestern Natural Gas Co.*, 179 Okl. 524, 66 P.2d 511 (1937). In both of the *Dickinson* cases, a competing utility company was trying to compel *wholesale* "standby" service so that it could retail the gas.

In *Dickinson v. Oklahoma Natural Gas Co.*, 72 P.2d at 725, this Court stated: "[W]here a public utility is seeking mandamus to require another public utility to furnish it with gas, to be retailed by the former to its patron, and where the quality or nature of the service being sought is merely that which is called in the industry 'standby' service, in the absence of an emergency the writ is rightly refused." In the present case, the "standby" service is not to a competitor but to end users who apparently were customers of ONG.

In *Dickinson v. Southwestern Natural Gas Co.*, 66 P.2d at 511, this Court held that a utility's duties are defined by the extent the public duty has been assumed. This Court stated that fair play militated against requiring a *wholesale* company to furnish a service to a competitor which might never be used and *"assume a potential burden with only a possibility of remuneration."* (Emphasis added.) This Court also stated that "a public utility doing a limited wholesale business will not be compelled to extend its service to municipalities not previously served." *Id.* at 513.

■ Unlike the facts in *Dickinson v. Southwestern Natural Gas Co.*, the present case does not involve service to a competing company. Also in the present case, it has not been established that ONG will be compelled to provide service that it had not professed to have undertaken or will not receive any remuneration for the "standby" service. Like in *Dickinson v. Southwestern Natural Gas Co.*, ONG cannot be compelled to provide "standby" service without remuneration for that service. We do not find ONG's arguments persuasive: *Dickinson v. Oklahoma Natural Gas Co.* and *Dickinson v. Southwestern Natural Gas Co.* do not prohibit the Com-

mission from compelling ONG to furnish "standby" service if it finds such service to be in the public interest and provides for payment for "standby" service.

■ ONG also argues that the police power prohibits the Commission from compelling "standby" service. ONG relies on *Oklahoma Natural Gas Co. v. Choctaw Gas Co.*, 205 Okl. 255, 236 P.2d 970, 977 (1951). ONG and Choctaw Gas Co. were producing from the same common source of supply. Choctaw Gas had been overproducing its wells and still could not meet its market demand. The Commission ordered ONG to allow Choctaw Gas to connect to ONG's lines and sell Choctaw Gas sufficient gas to meet its market demand. This Court reversed the Commission's order finding that no public interest was served. *Choctaw Gas* is unlike the present case. In the present case, the issue is not whether compelling ONG to furnish "standby" service is in the public interest. The issue before this Court is whether the Commission has jurisdiction to determine if compelling ONG to furnish "standby" service is in the public interest.

Much of ONG's argument is conjectural until the Commission takes evidence and determines whether compelling ONG to furnish "standby" service is in the public's best interest and the extent of ONG's duty. ONG asks this Court to rule on the evidence before it has been presented. We refuse to do so.

A court has the authority to inquire into its jurisdiction. *Davidson v. Rogers*, 471 P.2d 455, 457 (Okla.1970). The Commission has ruled here that it has authority to inquire into its jurisdiction. Just as a court may determine a jurisdictional fact, so is the Commission empowered to determine whether requiring ONG to provide "standby" service is in the public's best interest when ONG will receive payment for that service.

CORPORATION COMMISSION'S ORDER SUSTAINED; CAUSE REMANDED FOR FURTHER PROCEEDINGS.

OPALA, C.J., and LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

WATT, J., concurs in result.

SIMMS and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting:

The majority does not pause over the fact that this matter comes before us on review of a certified interlocutory order *from the Corporation Commission.* To my knowledge, this Court has never before decided that an interlocutory order of the Corporation Commission is reviewable like an order of the District Court under 12 O.S.1991, § 952.(b)3 and Rule 1.40, et seq., Rules of Appellate Procedure, 12 O.S.1991, Ch. 15, App. 2. The Court makes no such determination here, but simply proceeds as if this is standard fare.

I would dismiss this appeal as premature, and review the matter in a regular appeal from a final order of the Corporation Commission.